STATE OF NORTH CAROLINA, EX REL, UTILITIES COMMISSION v. CAROLINA FOREST UTILITIES, INC. APPLICANT

No. 7410UC135

(Filed 20 March 1974)

Utilities Commission § 5— water service — recreation subdivision — "availability charge"

The Utilities Commission has jurisdiction and authority to allow the use of an "availability charge" in a rate schedule for water services provided by a utility to a recreational subdivision.

APPEAL by defendant applicant from Order of North Carolina Utilities Commission of 28 June 1973.

Heard in the Court of Appeals 21 February 1974.

By application filed with the North Carolina Utilities Commission on 26 October 1972, Carolina Forest Utilities, Inc., sought a certificate of public convenience and necessity to provide water utility service in Carolina Forest Subdivision, Montgomery County, and approval of a proposed schedule of rates.

Carolina Forest is a recreational development of about 1,105 lots on Lake Tillery approximately ten miles east of Albemarle, North Carolina. In the standardized contract for the conveyance of each lot, the lot purchaser warranted that he would not use the lot as his principal residence. The contract also provided that the lot owner would not drill for water on his own lot but would pay, in addition to the cost of the lot, a flat charge of $300 for the establishment and maintenance of a water system. Each purchaser also agreed to pay a $60.00 per year water service fee, denominated an "availability charge," regardless of whether he actually tapped onto appellant's line or used any water.

The Hearing Commissioner's recommended order, issued 25 January 1973, granted the franchise sought, and approved the proposed rates with the exception of the "availability charge" as applied to customers who had not become active water users. The full Commission, in an order dated 14 March 1973, affirmed the recommended order and in effect ruled that an availability charge was illegal and could never be a just and reasonable rate for service. Chairman Wooten dissented. From said order, defendant appealed.

*Edward B. Hipp, Wilson B. Partin, Jr., and Jerry S. Fruitt for the North Carolina Utilities Commission.*

*Bailey, Dixon, Wooten, McDonald & Fountain by J. Ruffin Bailey and Ralph McDonald for defendant appellant.*

CAMPBELL, Judge.

In its final order the Utilities Commission relied heavily on *Forest Hills Util. Co. v. Pub. Util. Comm. of Ohio,* 31 Ohio St. 2d 46, 285 N.E. 2d 702 (1972), which held that the Ohio Utilities Commission had no statutory authority to impose "availability charges" and which was conceded to be the only available appellate decision on availability charges. However, in *Mohawk Utilities v. Pub. Util. Comm. of Ohio,* 37 Ohio St. 2d 47, 307 N.E. 2d 261 (1974), the Supreme Court of Ohio spoke directly to the use of availability charges in a recreational subdivision and distinguished the *Forest Hills* case on the grounds that the availability charge in *Mohawk* was agreed to in contracts between the parties rather than being imposed by the Commission. The Ohio Supreme Court in *Mohawk* went on to hold that under the Ohio statutes the landowners who pay availability charges are "consumers" or stand in a consumer-like relationship to the utility; that Mohawk Utilities, Inc., is a "utility"; that the contractual obligation to provide water service as well as the actual delivery thereof directly affects the utility's ability to function as a utility; that the whole transaction was within the jurisdiction of the Ohio Public Utilities Commission; and hence, that a review of water availability charges was within the jurisdiction of the Commission.

The Ohio and North Carolina statutes governing utilities are quite similar. See, generally, N.C.G.S. Chapter 62 and, particularly, G.S. 62-2; G.S. 62-3(23), (24) and (26); G.S. 62-32; G.S. 62-130; G.S. 62-133; G.S. 62-138(a) (1) ; and G.S. 62-140. We adopt the reasoning of the *Mohawk* case and hold that under the facts of this case, the North Carolina Utilities Commission does have the jurisdiction and authority to allow the use of an availability charge, in a rate schedule, should any be deserved. We therefore reverse that part of the Commission's Order and remand for a determination of what amount of availability charge, if any, would be a just and reasonable rate.

Defendant's other assignments of error deal with the Commission's determination of depreciation and other operating

expenses and are without merit. As to this portion of the Commission's order, we affirm.

Reversed in part.

Affirmed in part.

Judges HEDRICK and BALEY concur.