107 P.3d 750 (2005)
STATE of Washington, Respondent,
v.
Frederick D. ROY, Appellant.
No. 22751-1-III.
Court of Appeals of Washington, Division 3, Panel Five.
February 24, 2005.
William D. Edelblute, Attorney at Law, Spokane, WA, for Appellant.
John R. Henry, Attorney at Law, Pomeroy, WA, Pamela Beth Loginsky, Washington Assoc. of Prosecuting Attorneys, Olympia, WA, for Respondent.
BROWN, J.
¶ 1 While on community custody, Frederick D. Roy's Drug Offender Sentencing Alternative (DOSA) was revoked by the trial court for failing a drug test. We decide the *751 court lacked statutory authority to revoke his DOSA sentence because RCW 9.94A.660 grants that authority to the Department of Corrections (DOC) and reverse. Mr. Roy's additional grounds raise matters better left to a personal restraint petition.

FACTS
¶ 2 Mr. Roy pleaded guilty to conspiracy to manufacture methamphetamine, possession of pressurized ammonia gas with intent to manufacture methamphetamine, and possession of ephedrine with intent to manufacture methamphetamine on January 13, 2003. Mr. Roy was granted an 18-month DOSA sentence with the remaining 18 months of the standard range to be served in community custody. The sentencing court ordered Mr. Roy to not use illegal controlled substances and to submit to urinalysis monitored by DOC. The court retained "jurisdiction to determine remedies in the event the def[endant] fails to complete the DOSA program." Clerk's Papers at 71. The authority of the sentencing court to retain jurisdiction was not then disputed.
¶ 3 During Mr. Roy's community custody in December 2003, he submitted to a urinalysis test at the request of his community corrections officer, Kevin Vogler. In a January 2004 revocation hearing before the superior court, Mr. Vogler, in detail, related how he administered the test, but failed to mention having Mr. Roy initial the test sample. According to Mr. Vogler, seven days after the test, Sterling Reference Laboratory faxed to him its positive analysis for methamphetamine and/or amphetamine, which accounted for Mr. Roy's assertions he had taken some prescription medications.
¶ 4 Procedurally, the State filed a motion for an order to show cause why Mr. Roy's DOSA sentence should not be revoked. The court granted the motion and set a hearing on the State's motion to revoke the DOSA sentence. Mr. Roy filed a motion to strike the hearing, contending RCW 9.94A.660 gives the authority to revoke a DOSA sentence to the DOC. Mr. Roy filed a motion to suppress the urinalysis results on the basis that the sample was not collected in strict compliance with DOC guidelines because the DOC failed to have him initial his sample.
¶ 5 At the January 2004 hearing, the court rejected Mr. Roy's arguments. As authority to act, the court relied upon its inherent powers and it retained jurisdiction. The court rejected Mr. Roy's strict compliance argument regarding admission of the sample without his initials. The court admitted the results of the urinalysis test based upon Mr. Vogler's testimony without a hearsay objection by the defense. The court revoked Mr. Roy's DOSA sentence for testing positive for drugs and ordered Mr. Roy to serve the remaining 18 months of his original sentence. Mr. Roy appealed.

ANALYSIS

A. Statutory Authority
¶ 6 The issue is, considering RCW 9.94A.660, whether the court erred by acting without statutory authority in revoking Mr. Roy's DOSA sentence and imposing the remainder of his sentence.
¶ 7 The court's interpretation of its authority under RCW 9.94A.660 is an issue of law reviewed de novo by this court. See City of Pasco v. Pub. Employment Relations Comm'n, 119 Wash.2d 504, 507, 833 P.2d 381 (1992).
¶ 8 Generally, in a DOSA sentencing under RCW 9.94A.660, a defendant serves one-half of the total sentence in prison and the remainder of the total sentence in community custody while obtaining treatment for substance abuse. Currently, under RCW 9.94A.660(3)(a) if a defendant is found by DOC in a violation hearing to have violated the terms of his DOSA sentence, he may be reclassified by DOC to serve the unexpired term of his sentence.
¶ 9 The prior version of RCW 9.94A.660(3) (formerly RCW 9.94A.120(6)(c)) authorized sentencing courts to hold a DOSA violation hearing. Laws of 1999, ch. 197, § 4. The statute, as amended, specifically provides that a "violation hearing shall be held by the department unless waived by the offender." RCW 9.94A.660(3) (emphasis added). Further, "[i]f the department finds that *752 conditions have been willfully violated, the offender may be reclassified to serve the remaining balance of the original sentence." RCW 9.94A.660(3)(a) (emphasis added). When the legislature amends a statute and makes a material change in the wording, there is a presumption the legislature meant to change the law. Ronald Sewer Dist. v. Brill, 28 Wash.App. 176, 178, 622 P.2d 393 (1980).
¶ 10 Thus, under the current version of the statute, the legislature has granted DOC the power to revoke a DOSA sentence and determine penalties for noncompliance. The court acted outside of its authority by revoking Mr. Roy's DOSA sentence and imposing the remainder of his sentence under RCW 9.94A.660(3). Even so, the State contends the court had authority to conduct the revocation hearing because it expressly retained this authority in the judgment and sentence, and Mr. Roy did not object at the time of sentencing. However, the court cannot reserve authority for itself that has been specifically granted to the DOC by the legislature. Further, a defendant cannot agree to allow the court to act outside of its jurisdiction. See In re Pers. Restraint of Fleming, 129 Wash.2d 529, 534, 919 P.2d 66 (1996).
¶ 11 Alternatively, the State contends the court may not have sentenced Mr. Roy under DOSA if it had known it could not retain jurisdiction over alleged violations, citing State v. Parker, 132 Wash.2d 182, 189, 937 P.2d 575 (1997) (remand is proper when the reviewing court cannot tell if it would impose exceptional sentence notwithstanding standard range error). However, there the propriety of the original sentence was the issue on appeal. Here, Mr. Roy's original sentence is not the issue on appeal. Moreover, the State's contention is raised for the first time on appeal. Given all, we reject the State's contention.
¶ 12 In any event, the State contends we should remand to the sentencing court to impose sanctions under RCW 9.94A.634. We disagree. That statute allows the court to modify its judgment and sentence and/or order up to 60 days of punishment for a defendant's noncompliance with its judgment and sentence.
¶ 13 In sum, we hold under RCW 9.94A.660(3), DOC must first conduct a violation hearing, unless waived by Mr. Roy. If DOC decides the violation was willful, it "may" reclassify him to serve the balance of his original sentence. RCW 9.94A.660(3)(a). Clearly, DOC has discretion not to reclassify Mr. Roy. DOC's discretion is delineated in RCW 9.94A.660(5), and includes "reclassif[ying] [Mr. Roy] to serve the unexpired term of his ... sentence," and "be subject to all rules relating to earned released time." RCW 9.94A.660(3), (5). It follows that if reclassified to serve the balance of his original sentence, Mr. Roy will eventually be released and only then become subject to violation hearings under RCW 9.94A.634.

B. Chain of Custody
¶ 14 Mr. Roy contends evidence of his urinalysis was not admissible because he failed to initial the sample body tape, part of the DOC procedure. In view of our decision above, we briefly analyze the chain of custody, as it will likely reoccur again.
¶ 15 A court has broad discretion in admitting physical objects; we review for an abuse of discretion. State v. Campbell, 103 Wash.2d 1, 21, 691 P.2d 929 (1984). The object need not be identified with absolute certainty. Id. As long as the sample was determined to be in substantially the same condition, despite the absence of Mr. Roy's initials, chain of custody objections go to the weight of the evidence, not its admissibility. Id. Considering the long list of detailed steps taken by Mr. Vogler, the trial court did not abuse its discretion in admitting the urinalysis sample. The apparent minor deviation from DOC policy should not automatically render the results unreliable. We do not address the hearsay parts of this problem because that objection was not raised below.

C. Additional Grounds for Review
¶ 16 Pro se, Mr. Roy first contends the court exceeded its authority in imposing a DOSA sentence at his original sentencing. As Mr. Roy was sentenced on January 16, 2003, the time for a direct appeal on this issue passed in February 2003. See RAP *753 5.2(a). Further, Mr. Roy expressly waived his right to collaterally attack the judgment and sentence. Moreover, the time limit for filing a collateral attack has passed. See RAP 16.4; RCW 10.73.090.
¶ 17 Next, Mr. Roy contends DOC erred in denying him credit for time served and earned early release time. Because this issue depends upon facts yet to be developed and that are outside this record, the problem, if any, must be raised in a personal restraint petition. See In re Taylor, 122 Wash.App. 880, 95 P.3d 790 (2004).
¶ 18 Reversed.
WE CONCUR: SCHULTHEIS and KURTZ, JJ.