IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30467-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FLINT GERAD HASTINGS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Flint G. Hastings appeals resentencing of his second and third degree child rape convictions (counts I and II) following remand. He contends:

(1) the trial court erred in failing to grant him specific performance based on his interpretation of the parties' plea agreement,
(2) alternatively, this court should permit him to withdraw his guilty plea, and
(3) the trial court erred in adding a *Brooks*[1] notation regarding count II to his amended judgment and sentence.

In a pro se statement of additional grounds for review (SAG), Mr. Hastings contends:

(1) the trial court erred by imposing a determinate sentence for count I,
(2) the trial court's finding on his present or likely future ability to pay legal financial obligations (LFOs) is clearly erroneous, and
(3) his prior attorney denied him effective assistance of counsel by failing to file an appeal notice from his original judgment and sentence.

---

[1] *In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 211 P.3d 1023 (2009).

We affirm.

## FACTS

In March 2006, the State charged Mr. Hastings with first and third degree child rape based on allegations he had sexual intercourse with his two minor daughters for about five years. The parties signed a written plea agreement under which Mr. Hastings pleaded guilty to reduced charges of second and third degree child rape. The plea agreement and Mr. Hastings's statement on guilty plea both provided the State would recommend concurrent sentences totaling 130 months' confinement. While the typewritten agreement originally specified the State would recommend confinement of 130 months on count I and 20 months on count II, the parties crossed out these figures and handwrote 104 and 26 months respectively. Apparently, the parties mistakenly assumed statutes required consecutive sentences because Mr. Hastings's crimes involved two victims.

At the plea hearing, the State said it had agreed to recommend consecutive sentences totaling 130 months' confinement with 104 months on count I and 26 months on count II. Mr. Hastings confirmed this recommendation. At sentencing, the State repeated this recommendation without objection from Mr. Hastings. The trial court rejected the State's recommendation and imposed 136 months' confinement with 102 months on count I and 34 months on count II. Additionally, the court imposed community custody for up to life on count I and for 36 to 48 months on count II. The

2

court noted "[a]ll counts shall be served consecutively: 2 different victims." Clerk's Papers (CP) at 97.

Mr. Hastings did not appeal. Three and a half years later, he brought a personal restraint petition contending the judgment and sentence was facially invalid. He argued the trial court exceeded its statutory sentencing authority by, among other things, imposing consecutive sentences on both counts, and ordering a combination of confinement and community custody on count II exceeding the five year maximum sentence. This court partially dismissed his petition and remanded for

> (1) written clarification of the judgment and sentence to reflect the court's basis articulated at the . . . sentencing hearing for imposing consecutive sentences, and (2) amendment of the judgment and sentence in accordance with [*In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 211 P.3d 1023 (2009)] to explicitly state that the combination of confinement and community custody for count II shall not exceed the statutory maximum.

CP at 145; *In re Pers. Restraint of Hastings*, No. 29777-2-III, slip op. at 6 (Wash. Ct. App. Aug. 17, 2011) (Order Dismissing Personal Restraint Petition in Part and Remanding to Superior Court for Clarification and Amendment of Judgment and Sentence).

On remand, the trial court noted it previously erred by imposing consecutive sentences. The State argued the court had intended to impose confinement on both counts matching the high end of the standard sentence range on count I because while the plea agreement recited the State's recommendation of concurrent sentences totaling 130 months' confinement, the court imposed consecutive sentences totaling

3

136 months' confinement instead. Accordingly, the State requested concurrent sentences totaling either 136 or 130 months' confinement. Noting an internal discrepancy, Mr. Hastings argued the plea agreement, read literally, required the State to recommend concurrent sentences totaling 104 months' confinement. The State characterized this as a scrivener's error, arguing the parties previously expressed intent for the State to recommend concurrent sentences totaling 130 months' confinement. Finally, the State conceded the court must add a *Brooks* notation ensuring the combination of confinement and community custody on count II does not exceed the five year maximum sentence.

The trial court adopted the State' plea agreement recommendation and resentenced[2] Mr. Hastings by entering an amended judgment and sentence, and an order clarifying the amended judgment and sentence. These documents changed both sentences from consecutive to concurrent, reduced total confinement on both counts from 136 to 130 months, removed all community custody on count II while maintaining community custody for up to life on count I, and added a *Brooks* notation regarding count II, stating,

> THE COMBINATION OF CONFINEMENT & COMMUNITY CUSTODY
> SHALL NOT EXCEED THE STATUTORY MAXIMUM OF FIVE (5)
> YEARS FOR A CLASS C FELONY ON COUNT 2.

---

[2] The order clarifying the amended judgment and sentence specifies the trial court sentenced Mr. Hastings on both counts as a nonpersistent sex offender under RCW 9.94A.172. But no such statute exists. Apparently, the trial court meant to cite former RCW 9.94A.712 (2008), recodified as RCW 9.94A.507.

4

CP at 276 (emphasis omitted). Mr. Hastings appealed. This court dismissed the remainder of his personal restraint petition to consider the merits of his appeal. *In re Pers. Restraint of Hastings*, No. 29777-2-III, slip op. at 3 (Wash. Ct. App. Apr. 2, 2012) (Order Dismissing Personal Restraint Petition).

ANALYSIS

A. Scope of Review

The issue is whether Mr. Hastings presents reviewable error claims.

The State argues some or all his error claims are time barred under the statutory limitations governing collateral attacks on final judgments and sentences. But those limitations do not apply here because Mr. Hastings appealed directly from the trial court's decisions on remand. *See* RCW 10.73.090(2) (defining a collateral attack as "any form of postconviction relief other than a direct appeal"); RAP 16.14(b) (providing that when this court remands a personal restraint petition for the trial court to determine its merits, the offender may directly appeal the determination and this court will review it "in the same manner and under the same procedure as any other trial court decision").

If a defendant fails to appeal his or her judgment and sentence within 30 days, the defendant waives any error claims arising from it besides those he or she may argue in a timely collateral attack. RAP 5.2(a); *State v. Roy*, 126 Wn. App. 124, 130, 107 P.3d 750 (2005); *State v. Gaut*, 111 Wn. App. 875, 880, 46 P.3d 832 (2002). The defendant does not generally revive waived error claims by later appealing an amended judgment and sentence. *State v. Smissaert*, 103 Wn.2d 636, 642, 694 P.2d 654 (1985).

5

But the trial court's interim action may create new appealable issues. *See* RAP

2.5(c)(1). On remand, a trial court may generally "exercise independent judgment"

regarding issues the parties did not raise in a prior appeal and, where it does so, we

may review the decision in a later appeal. RAP 2.5(c)(1) cmt., 86 Wn.2d 1153 (1976);

*see State v. Barberio*, 121 Wn.2d 48, 50-51, 846 P.2d 519 (1993). While the scope of

this court's mandate can limit the trial court's discretion to resentence a defendant on

remand, *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009) (citing *State v.

Collicott*, 118 Wn.2d 649, 660, 827 P.2d 263 (1992)), the trial court otherwise retains the

power and duty to correct the defendant's sentence when it discovers an error,

*Smissaert*, 103 Wn.2d at 639 (citing *McNutt v. Delmore*, 47 Wn.2d 563, 565, 288 P.2d

848 (1955)); *see also Brooks v. Rhay*, 92 Wn.2d 876, 877, 602 P.2d 356 (1979).

Here, Mr. Hastings did not appeal his original judgment and sentence but brought

an untimely personal restraint petition that this court partially dismissed and remanded

to the trial court. This court's mandate directed the trial court to clarify its intended basis

for imposing consecutive sentences on both counts and add a *Brooks* notation

regarding count II. On remand, the trial court additionally adopted the State's plea

agreement recommendation and resentenced Mr. Hastings after noting it previously

erred and considering the parties' new arguments. Thus, the trial court exercised

independent judgment when it changed both sentences from consecutive to concurrent,

reduced total confinement on both counts from 136 to 130 months, and removed all

community custody on count II. Because Mr. Hastings's specific performance, *Brooks*

notation, and determinate sentence contentions arise from these decisions, they present new appealable issues for our review. On the other hand, the trial court did not exercise independent judgment regarding Mr. Hastings's plea withdrawal, LFO, or ineffective assistance contentions, so they arise from the original judgment and sentence and are waived issues we do not review.

## B. Specific Performance

The issue is whether the trial court erred in failing to grant Mr. Hastings specific performance based on his interpretation of the parties' plea agreement. He contends the plea agreement required the State to recommend concurrent sentences totaling 104 months' confinement. On remand, the State recommended concurrent sentences totaling either 136 or 130 months' confinement. The State contradicts Mr. Hastings's contentions and alternatively argues the plea agreement is ambiguous. We interpret a plea agreement's terms de novo. *State v. Bisson*, 156 Wn.2d 507, 517, 130 P.3d 820 (2006).

A plea agreement is a contract between the defendant and the State, under which the defendant pleads guilty in exchange for some State concession such as a sentencing recommendation. *State v. Barber*, 170 Wn.2d 854, 859, 248 P.3d 494 (2011). Common law requires the State to act in good faith regarding a plea agreement. *State v. Sledge*, 133 Wn.2d 828, 839, 947 P.2d 1199 (1997). Due process requires the State to follow a plea agreement's terms. *Id.* (citing *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971)). The State breaches a plea

7

agreement by, for example, failing to recommend a sentence as promised. *Barber*, 170 Wn.2d at 859. If the State breaches a plea agreement, the defendant may seek specific performance or plea withdrawal. *State v. Tourtellotte*, 88 Wn.2d 579, 585, 564 P.2d 799 (1977) (citing *Santobello*, 404 U.S. at 263).

Mr. Hastings sought specific performance, a remedy that "entitles a defendant to 'the benefit of his original bargain.'" *Barber*, 170 Wn.2d at 859 (quoting *Tourtellotte*, 88 Wn.2d at 585). A court may not grant specific performance of an ambiguous plea agreement. *Bisson*, 156 Wn.2d at 523-24. A plea agreement term is ambiguous if it is "reasonably susceptible to different interpretations." *Id.* at 523 (internal quotation marks omitted). When interpreting a plea agreement, we consider solely the parties' "objective manifestations of intent," ignoring any "unexpressed subjective intent." *State v. Turley*, 149 Wn.2d 395, 400, 69 P.3d 338 (2003).

Here, the plea agreement provided the State would recommend 130 months' total confinement. The parties expressed this intent in Mr. Hastings's statement on guilty plea, at the plea hearing, and at the original sentencing. Further, Mr. Hastings mentioned no contrary understanding until remand. By crossing out the typewritten figures and handwriting others, the parties created an internal discrepancy on whether they intended for the State to recommend concurrent or consecutive sentences. This does not, as Mr. Hastings now argues, show the parties intended for the State to recommend 104 months' confinement total. We ignore any suggested unexpressed subjective intent.

Considering the parties' objective manifestations of intent, we conclude the plea

agreement unambiguously required the State to recommend 130 months' confinement

total. The State substantially complied with this requirement on remand. The trial court

adopted the State's plea agreement recommendation by resentencing Mr. Hastings to

130 months' total confinement. Thus, on remand, Mr. Hastings received the benefit of

his original bargain. Therefore, the trial court did not err in failing to grant Mr. Hastings

specific performance based on his interpretation of the parties' plea agreement.

### C. *Brooks* Notation

The issue is whether the trial court erred in adding a *Brooks* notation regarding

count II in Mr. Hastings's amended judgment and sentence. He contends our Supreme

Court disapproved the *Brooks* notation and asks us to remand for the trial court to either

reduce community custody or resentence him on count II. We review a sentence's legal

sufficiency de novo. *State v. Pappas*, 176 Wn.2d 188, 192, 289 P.3d 634 (2012).

Because the trial court resentenced Mr. Hastings under RCW 9.94A.507, and did

so after July 26, 2009, it had to reduce community custody on count II if the combination

of confinement and community custody on count II could exceed the five year maximum

sentence for a class C felony. RCW 9.94A.701(8)-(9), 9A.20.021(1)(c), .44.079(2);

LAWS OF 2009, ch. 375, § 20. Our Supreme Court has held the *Brooks* notation alone

does not meet this new statutory requirement. *State v. Boyd*, 174 Wn.2d 470, 472-73,

275 P.3d 321 (2012) (clarifying *State v. Franklin*, 172 Wn.2d 831, 839-41, 263 P.3d 585

(2011)). The original judgment and sentence imposed 34 months' confinement and 36

9

to 48 months' community custody on count II, exceeding the five year maximum sentence. The trial court fixed the error by removing all community custody on count II. While the court additionally added a *Brooks* notation per this court's mandate, the language was superfluous. Notwithstanding the *Brooks* notation, the court met the new statutory requirement ensuring Mr. Hastings's sentence did not exceed the maximum. In sum, the court did not err.

### D. Statement of Additional Grounds

In his pro se SAG, Mr. Hastings contends the trial court erred by imposing a determinate sentence for count I because RCW 9.94A.507 required an indeterminate sentence. He asks this court to grant "specific performance of the determinate standard range sentence." SAG at 3 (emphasis omitted). We review a sentence's legal sufficiency de novo. *Pappas*, 176 Wn.2d at 192.

Because the trial court convicted Mr. Hastings of second degree child rape and found he was a nonpersistent sex offender, it had to impose an indeterminate sentence for count I under RCW 9.94A.507. *See* RCW 9.94A.507(1)(a)(i). Thus, the court had to "impose a sentence to a maximum term and a minimum term." RCW 9.94A.507(3)(a). The minimum term had to be "within the standard sentence range for the offense," which was 102 to 136 months' confinement. RCW 9.94A.507(3)(c)(i), .510. The court imposed a minimum term of 130 months' confinement. The maximum term had to be "the statutory maximum sentence for the offense," which was life imprisonment. RCW 9.94A.507(3)(b), 9A.20.021(1)(a), .44.076(2). The court imposed a maximum term of

community custody for up to life. Specifically, the court imposed community custody for "any period of time the person's released from total confinement before the expiration of the [life] maximum sentence." CP at 277; *accord* RCW 9.94A.507(5). Mr. Hastings confuses the unique nature of this sentence type. State agencies call it "determinate plus" because it involves both determinate and indeterminate components. JOHN C. STEIGER, WASH. STATE CASELOAD FORECAST COUNCIL, 2012 WASHINGTON STATE ADULT SENTENCING GUIDELINES MANUAL § 3, at 24-25 (version 20121231, 2012). Therefore, the court properly sentenced Mr. Hastings under RCW 9.94A.507 for count I.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Kulik, J.

_____
Siddoway, A.C.J.

11