

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE MAY 02 2013

Madsen C.J.
CHIEF JUSTICE

This opinion was filed for record
at 8:00 am on May 2, 2013

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 86853-1 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| RICHARD TREVOR DUNCALF, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | Filed MAY 02 2013 |

C. JOHNSON, J.—This case involves a challenge to an exceptional sentence, imposed for a second degree assault conviction, where the jury found that the victim's injuries "substantially exceeded" the harm necessary to satisfy the elements of the offense. Richard Duncalf was tried on charges of first degree assault and, as an alternative, second degree assault. The jury acquitted on the first degree assault but found Duncalf guilty of second degree assault. The jury also was instructed on an aggravating factor and found that the victim's injuries "substantially exceeded" the harm necessary to satisfy second degree assault to support the exceptional sentence imposed. Duncalf appealed challenging whether, under the statute defining

second degree assault, a victim's injuries can legally exceed those contemplated by the statutory definition absent a jury finding of "great bodily harm." Duncalf also challenged the exceptional circumstances inquiry as being unconstitutionally vague. The Court of Appeals affirmed and we affirm.

FACTS

On the evening of April 21, 2007, Duncalf returned to the apartment he shared with his girl friend, Tasha Deptula, and his roommate, James Ketchum. Deptula was not home. Ketchum, however, was in his own bedroom engaged in sexual intercourse with his on-and-off girl friend Stacy Worthington. Duncalf entered the room and, mistaking Worthington for his girl friend Deptula, proceeded to push Ketchum off the bed and punch him in the face numerous times inflicting serious injuries.

Ketchum's injuries were severe. When paramedics arrived, Ketchum was unconscious, bleeding from the ear, and had to be intubated in order to breathe properly. He suffered at least eight fractures, including a fractured rib that punctured the lung membrane causing pneumothorax (a pocket of air in the chest cavity that compresses the lung). Ketchum had to undergo facial surgery to repair his jaw, which was broken in multiple places. Doctors ultimately realigned the jaw, inserted titanium plates, and wired the jaw shut for over five weeks.

At the time of trial, a year after the assault, Ketchum still suffered from nerve damage and an inability to feel his lower jaw and lip. As a result, Ketchum tended to "dribble" and "drool" when he ate and slept. Verbatim Report of Proceedings (June 17, 2008) at 92. The surgeon who performed the facial surgery testified at trial that the injuries were likely to be permanent.

The State charged Duncalf with assault in the first degree, alleging that "with intent to inflict great bodily harm, [Duncalf] did assault another and inflict great bodily harm." Clerk's Papers (CP) at 12. The State additionally charged Duncalf, in the alternative, with assault in the second degree, alleging that Duncalf intentionally assaulted Ketchum, thereby "recklessly inflict[ing] substantial bodily harm" upon him. CP at 14. The jury acquitted Duncalf of first degree assault but convicted him of second degree assault and found that the injuries inflicted substantially exceeded the level of bodily harm necessary to satisfy the elements of that offense. The trial judge imposed an exceptional sentence of 100 months in jail.[1] Duncalf appealed the exceptional sentence and the Court of Appeals affirmed.[2] *State v. Duncalf*, 164 Wn.

---

[1] Duncalf had an offender score of eight and faced a standard range of 53 to 70 months. In this case, Duncalf's conviction for second degree assault with aggravating circumstances resulted in a sentence below the standard range for first degree assault.

[2] The Court of Appeals "harmonized" the jury's general verdict and special verdict, concluding the jury found that Duncalf did not *intend* to inflict great bodily harm upon Ketchum, as necessary for a conviction of assault in the first degree but that Duncalf did inflict such harm *recklessly*, thus supporting both the jury's guilty verdict and its special verdict. The court further

App. 900, 267 P.3d 414 (2011), *review granted*, 173 Wn.2d 1026, 273 P.3d 982

(2012).

ISSUES

1.     Whether the "substantially exceed" aggravating factor may be properly

applied to a conviction for second degree assault?

2.     Whether the "substantially exceed" factor is unconstitutionally vague?

ANALYSIS

1. Exceptional Sentence

Under the statute, a trial court may impose a sentence above the standard

range if the jury finds that the "victim's injuries substantially exceed the level of

bodily harm necessary to satisfy the elements of the offense." RCW

9.94A.535(3)(y). In sentencing Duncalf, the trial court relied on a jury finding that

Ketchum's injuries substantially exceeded the level of bodily harm necessary to

satisfy the elements of second degree assault, that level of harm being "substantial

bodily harm."[3]

---

concluded that Duncalf could not challenge for the first time on appeal the trial court's decision not to instruct the jury on the definition of "substantially exceeds," reasoning that under *State v. Gordon*, 172 Wn.2d 671, 260 P.3d 884 (2011), "instructional errors" are of constitutional magnitude only where the jury is not instructed on every element of the charged crime.

[3] "'Substantial bodily harm'" is defined as "bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or that causes a fracture of any bodily part." RCW 9A.04.110(4)(b). The jury was provided this definition in instruction 19. CP at 373.

In *State v. Stubbs*, 170 Wn.2d 117, 240 P.3d 143 (2010), we reviewed an exceptional sentence imposed for a first degree assault conviction analyzing the same aggravating fact determination by the jury here, i.e., that the injuries inflicted substantially exceeded those necessary to satisfy the elements of the offense. In reviewing the statutory elements of first degree assault, we recognized the primary elements were (1) an intent to inflict great bodily harm and (2) infliction of great bodily harm. In our analysis, we rejected the State's argument that, as to the harm element, a range of injuries existed that could support a finding of great bodily harm. We reasoned, as to the degree of harm element, that in order to convict, the State had to prove the defendant inflicted great bodily harm and the statute did not establish a range of great bodily harm. We recognized that the only "harm" that could exceed great bodily harm was death and, by inference, that any lesser degree of harm would be insufficient to support a finding above great bodily harm. That reasoning does not apply in the context of a second degree assault situation.

The elements in a second degree assault proceeding include (1) reckless infliction of (2) substantial bodily harm. As to the harm element, the State advances the argument, similar to that advanced in *Stubbs*, that for second degree assault a range of potential injury that could qualify as substantial bodily harm exists. Duncalf counters that under *Stubbs*, the "substantially exceeds" aggravating factor

cannot apply to second degree assault unless a jury finds Duncalf inflicted great bodily harm. His argument equates a finding of great bodily harm with the "substantially exceeds" aggravating factor and posits that since he was acquitted of first degree assault, the jury necessarily rejected a finding of great bodily harm. Because the jury did not find that Duncalf inflicted great bodily harm, he argues, the trial court's imposition of the exceptional sentence violated the Sixth Amendment to the United States Constitution under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).[4]

In rejecting this argument, the Court of Appeals reasoned, in part, that the acquittal of the first degree assault conviction could have been based on the lack of intent to inflict great bodily harm element of first degree assault. We agree that the jury acquittal of first degree assault does not support Duncalf's argument that the jury necessarily made a specific finding on the level of harm involved in this case.

Our recent decision in *State v. Pappas*, 176 Wn.2d 188, 289 P.3d 634 (2012), is instructive. We noted there that RCW 9.94A.535(3)(y) requires a comparison of the victim's injuries against the minimum necessary to satisfy the elements of the offense. We explained that, "[w]hile the jump between statutory categories of harm

---

[4] In *Blakely*, the Supreme Court held that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Blakely*, 542 U.S. at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)).

6

necessarily meets the 'substantially exceed' test, injuries can 'substantially exceed' one category of harm without reaching the severity of the next category." *Pappas*, 176 Wn.2d at 192. Thus, the statute "only requires that the injuries 'substantially exceed,' rather than a requirement to meet a higher category of harm." *Pappas*, 176 Wn.2d at 193. In this case, the jury was instructed as to the definition of "substantial bodily harm" and asked by special verdict whether Ketchum's injuries substantially exceeded the level of bodily harm necessary to satisfy that harm element. It found this aggravating factor beyond a reasonable doubt. This was the only finding required to authorize the trial court's imposition of the exceptional sentence. Thus, *Blakely* is satisfied.

2. Vagueness

Duncalf also raises a due process vagueness challenge to the "substantially exceed" aggravating factor. In *State v. Baldwin*, 150 Wn.2d 448, 78 P.3d 1005 (2003), this court held that aggravating factors are not subject to a vagueness challenge. Duncalf urges us to reconsider this decision in light of *Blakely*. We find it unnecessary to address the broad question of whether *Baldwin* survives *Blakely*. Even assuming the vagueness doctrine applies in this case, Duncalf's challenge to RCW 9.94A.535(3)(y) is unavailing.

A statute is void for vagueness if it "fails to define the offense with sufficient precision that a person of ordinary intelligence can understand it, or it does not provide standards sufficiently specific to prevent arbitrary enforcement." *State v. Eckblad*, 152 Wn.2d 515, 518, 98 P.3d 1184 (2004) (citing *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)). The test for vagueness is whether a person of reasonable understanding is required to guess at the meaning of the statute. *State v. Branch*, 129 Wn.2d 635, 648, 919 P.2d 1228 (1996). "We consider whether a statute is vague as applied to the particular facts at issue, for '[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" *Holder v. Humanitarian Law Project*, ___ U.S. ___, 130 S. Ct. 2705, 2719, 177 L. Ed. 2d 355 (2010) (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982)).

In this case, the aggravating factor required the jury to find that Ketchum's injuries substantially exceeded "substantial bodily harm," defined as "bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part." RCW 9A.04.110(4)(b). Ketchum's injuries include substantial impairment of the function of his lower jaw

and lip that is likely permanent. A person of reasonable understanding would not have to guess that causing such permanent injuries—injuries significantly greater than those contemplated by the legislature in defining "substantial bodily harm"— might subject him to a sentence above the standard range.

In addition, the term "substantial" is used in a number of criminal statutes that have withstood due process vagueness challenges. *See, e.g., State v. Worrell*, 111 Wn.2d 537, 544, 761 P.2d 56 (1988) ("'interferes *substantially* with his liberty'" in kidnapping statute not unconstitutionally vague (emphasis added) (quoting former RCW 9A.40.010(6) (1975))); *State v. Saunders*, 132 Wn. App. 592, 599, 132 P.3d 743 (2006) ("'*substantial* pain'" in third degree assault statute not unconstitutionally vague (emphasis added)). The statutory definition of "substantial bodily harm" offers a sufficiently objective definition for jurors to compare to a particular victim's injuries and apply the "substantially exceeds" standard of the aggravating factor. Again, assuming a vagueness challenge may be made to an aggravating factor, we conclude that RCW 9.94A.535(3)(y) is not vague under the facts here.

## CONCLUSION

The jury found by special verdict that Duncalf inflicted injuries upon Ketchum that "substantially exceeded" the level of bodily harm necessary to satisfy

the elements of second degree assault. We conclude no further finding was required.

We further conclude that RCW 9.94A.535(3)(y) is not vague as applied to Duncalf.

No. 86853-1

WE CONCUR:

Madsen, C.J.

Chambers, J.P.T.

Owens, J.

Fairhurst, J.

Stephens, J.

Wiggins, J.

Seinfeld, J.P.T.

11