IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36481-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MANUEL MEJIA PENALOZA, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Manuel Penaloza appeals his conviction for second degree assault of a child, arguing the statutes underlying his conviction are unconstitutionally vague. We disagree and affirm.

BACKGROUND

Mr. Penaloza used a belt to "spank" his 13-year-old daughter after prior attempts at discipline failed. According to witness testimony, Mr. Penaloza struck his daughter approximately 25 times. Afterward, the girl was crying and bleeding from her mouth. Her glasses were broken. The belt strikes left deep bruises along the girl's entire back that remained visible two days later. Photographs of the injuries call to mind a whipping. An examining physician detected blood in the girl's urine, consistent with internal injuries from nonaccidental trauma.

The State charged Mr. Penaloza with one count of second degree assault, alleging

he "intentionally assaulted [his daughter], and thereby recklessly inflicted substantial

bodily harm." Clerk's Papers (CP) at 4.

The case proceeded to a jury trial. Pursuant to RCW 9A.36.021(1)(a), the court

instructed the jury that the State had the burden of proving Mr. Penaloza intentionally

assaulted his daughter and thereby recklessly inflicted substantial bodily harm. The

jury was also provided the definition of "substantial bodily harm" consistent with

RCW 9A.04.110(4)(b): "Substantial bodily harm means bodily injury that involves a

temporary but substantial disfigurement." CP at 18.

The court granted Mr. Penaloza's request for an instruction on parental discipline,

pursuant to WPIC 17.07[1] and RCW 9A.16.100. Like the statute, the instruction informed

jurors that a parent's use of "physical discipline of a child is lawful when it is reasonable

and moderate." CP at 22. Additionally, both the statute and the instruction provide that

jurors

> may, but are not required to, infer that it is unreasonable to do the following
> act(s) to correct or restrain a child: throwing, kicking, burning, or cutting a
> child, striking a child with a closed fist, shaking a child under age three,

---

[1] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 17.07 (4th ed. 2016) (WPIC) (This pattern instruction was inadvertently omitted from the bound fourth edition of the WPIC when it was published in October 2016, and has not otherwise been supplemented to the bound volume. It is available in an electronic version at the following Perma Link) [https://perma.cc/GYG9-UGS4].

interfering with a child's breathing, threatening a child with a deadly
weapon, doing any act that is likely to cause, and that does cause, bodily
harm greater than transient pain or minor temporary marks. You shall
consider the age, size, and condition of the child, and the location of the
injury, when determining whether the bodily harm is reasonable or
moderate. This inference is not binding upon you, and it is for you to
determine what weight, if any, such inference is to be given.

*Id*.

The jury returned a guilty verdict. The court sentenced Mr. Penaloza to five

months' imprisonment with credit for time served. Mr. Penaloza appeals.

ANALYSIS

Mr. Penaloza challenges two statutes relevant to his conviction. The first is

RCW 9A.04.110(4)(b), which defines "substantial bodily harm" as "bodily injury which

involves a temporary but *substantial disfigurement*." (emphasis added). The second is

RCW 9A.16.100, which allows parents to employ "physical discipline" to a child so long

as such discipline is "reasonable and moderate."

Although Mr. Penaloza did not assert a vagueness claim at trial, his constitutional

challenge may be raised for the first time on appeal. RAP 2.5(a)(3).

A statute can be vague in two ways: (1) it can fail to provide fair notice and (2) it

can be "so standardless that it invites arbitrary enforcement." *Johnson v. United* States,

___ U.S. ___, 135 S. Ct. 2551, 2556, 192 L. Ed. 2d 569 (2015). We review vagueness

challenges that do not implicate the First Amendment to the United States Constitution

3

on an as-applied basis. *State v. Schilling*, 9 Wn. App. 2d 115, 119, 442 P.3d 262 (2019).

The question is whether a statute is so vague that a person of reasonable intelligence must

guess at its meaning. *State v. Duncalf*, 177 Wn.2d 289, 297, 300 P.3d 352 (2013).

Mr. Penaloza first argues the term "substantial disfigurement," set forth in

RCW 9A.04.110(4)(b), is impermissibly vague. We are unpersuaded. Our state Supreme

Court has rejected a similar claim in *Duncalf*. As the *Duncalf* court explained, "the term

'substantial' is used in a number of criminal statutes that have withstood due process

vagueness challenges." 177 Wn.2d at 297-98. A person of reasonable understanding

would not have to guess that causing visible bruises lasting for several days constitutes

temporary but substantial disfigurement. *See State v. McKague*, 172 Wn.2d 802, 805-06,

262 P.3d 1225 (2011) (bruising lasting several days sufficiently severe to permit finding

of substantial but temporary disfigurement). Mr. Penaloza's vagueness challenge to

RCW 9A.04.110(4)(b) therefore fails.

Mr. Penaloza next challenges RCW 9A.16.100, which allows parents to use

physical force in "restraining or correcting" a child, provided such force is "reasonable

and moderate." Mr. Penaloza claims the phrase "reasonable and moderate" is subject to

divergent generational and cultural interpretations, resulting in unconstitutionally

subjective enforcement standards. We disagree.

The statute's language protects against arbitrary enforcement by providing a detailed discussion, including a nonexclusive illustrative list, of the type of force that may be considered unreasonable in the disciplinary context.[2] A person of reasonable intelligence would understand that striking a child in a manner causing multiple lasting bruises, as well as possible internal injuries, is too severe to constitute parental discipline. Indeed, Mr. Penaloza even conceded on cross-examination that his discipline of his

---

[2] RCW 9A.16.100 reads, in full:

> It is the policy of this state to protect children from assault and abuse and to encourage parents, teachers, and their authorized agents to use methods of correction and restraint of children that are not dangerous to the children. However, the physical discipline of a child is not unlawful when it is reasonable and moderate and is inflicted by a parent, teacher, or guardian for purposes of restraining or correcting the child. Any use of force on a child by any other person is unlawful unless it is reasonable and moderate and is authorized in advance by the child's parent or guardian for purposes of restraining or correcting the child.
> The following actions are presumed unreasonable when used to correct or restrain a child: (1) Throwing, kicking, burning, or cutting a child; (2) striking a child with a closed fist; (3) shaking a child under age three; (4) interfering with a child's breathing; (5) threatening a child with a deadly weapon; or (6) doing any other act that is likely to cause and which does cause bodily harm greater than transient pain or minor temporary marks. The age, size, and condition of the child and the location of the injury shall be considered when determining whether the bodily harm is reasonable or moderate. This list is illustrative of unreasonable actions and is not intended to be exclusive.

No. 36481-0-III
*State v. Penaloza*

daughter had gone "too far." 3 Report of Proceedings (Oct. 25, 2018) at 161. His

vagueness challenge fails.

CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.