IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 79539-2-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PAUL ANTHONY MARTINEZ, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — Paul Martinez entered a guilty plea to the charge of second degree murder and admitted the aggravating circumstance that the crime was a domestic violence offense committed within sight and sound of his and the victim's minor children. He seeks reversal of his exceptional sentence, arguing that the court erred in determining as a matter of law that substantial and compelling reasons existed to justify the exceptional sentence and failed to enter sufficient written findings and conclusions. We disagree and affirm the exceptional sentence.

The State concedes that the trial court improperly imposed interest on Martinez's legal financial obligations. We accept the State's concession and remand to strike the interest on Martinez's non-restitution legal financial obligations.

FACTS

Paul Martinez shot and killed his estranged wife, Holly Martinez. Martinez entered a plea of guilty to the charge of aggravated domestic violence second degree murder with a firearm allegation. He admitted the aggravating circumstances that he was armed with a firearm and that the crime was committed within sight and sound of their children under the age of 18. In the plea agreement filed with the court, Martinez stipulated that the facts as outlined in the affidavit of probable cause existed beyond a reasonable doubt and provided a legal basis for an exceptional sentence above the standard range. He agreed that the court could consider those facts when deciding whether there were substantial and compelling reasons to sentence him outside the standard range. This section of the agreement also contained a handwritten addition stating that "[t]he defense agrees a legal [and] factual basis exists but will be requesting a sentence of 183 months." In exchange, the State agreed not to file the charge of aggravated domestic violence first degree murder with a firearm against Martinez.

The State recommended an exceptional sentence of 312 months confinement. Martinez disagreed with the State's recommendation and requested a sentence at the low end of the standard range. The court found that substantial and compelling reasons existed that justified an exceptional sentence above the standard sentencing range. The court noted that the aggravating factors were stipulated by Martinez and were found by the court after Martinez waived his right to a jury trial. The court entered separate findings of fact and conclusions of law in which the court found that "[t]his crime was aggravated by the following

circumstance: This offense involved domestic violence, as defined by RCW 10.99.020, and it occurred within the sight or sound of the victim's or the offender's minor children under the age of eighteen years." The court also listed the following conclusion of law: "In consideration of the purpose of the Sentencing Reform Act, RCW 9.94A. et seq., substantial and compelling reasons exist to impose an exceptional sentence above the standard range." Martinez was sentenced to 312 months imprisonment, including a 60 month firearm enhancement.

Martinez was ordered to pay a $500 victim assessment, $100 biological sample fee, and restitution in an amount to be determined. The court ordered that the legal financial obligations imposed "shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments." Martinez appealed.

ANALYSIS

I.      Exceptional Sentence

Martinez contends that the trial court erred in imposing an exceptional sentence. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[ ] and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The statutory maximum is the maximum sentence a judge may impose solely on the basis of facts found by a jury or admitted by the defendant; that is, without making any additional findings. Blakely v. Washington, 542 U.S. 296, 303–04, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). "[A] jury need not find facts supporting an exceptional sentence

when a defendant pleads guilty and stipulates to the relevant facts." State v. Ermels, 156 Wn.2d 528, 537, 131 P.3d 229 (2006).

Once the facts supporting aggravating circumstances are established, the court may impose an exceptional sentence if it determines, considering the purposes of the Sentencing Reform Act (SRA),[1] "that the facts found are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.537(6). The purposes of the SRA are described in statute:

> The purpose of this chapter is to make the criminal justice system accountable to the public by developing a system for the sentencing of felony offenders which structures, but does not eliminate, discretionary decisions affecting sentences, and to:
> (1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;
> (2) Promote respect for the law by providing punishment which is just;
> (3) Be commensurate with the punishment imposed on others committing similar offenses;
> (4) Protect the public;
> (5) Offer the offender an opportunity to improve himself or herself;
> (6) Make frugal use of the state's and local governments' resources; and
> (7) Reduce the risk of reoffending by offenders in the community.

RCW 9.94A.010. "Whenever a sentence outside the standard sentence range is imposed, the court shall set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535. Appellate courts review de novo whether a trial court's reasons for imposing an exceptional sentence meet the requirements of the SRA. State v. Friedlund, 182 Wn.2d 388, 394, 341 P.3d 280 (2015).

---

[1] Chap. 9.94A RCW.

Martinez first contends that the court's determination of whether the facts are substantial and compelling reasons justifying an exceptional sentence is a factual rather than legal question. Therefore, he argues, the court violated his constitutional rights to due process and trial by jury when it made this factual determination. However, as Martinez acknowledges, the Washington Supreme Court has specifically stated that this is a legal issue. See, e.g., State v. Suleiman, 158 Wn.2d 280, 290–91, 291 n.3, 143 P.3d 795 (2006) ("The trial judge was left only with the legal conclusion of whether the facts alleged and found were sufficiently substantial and compelling to warrant an exceptional sentence. . . . [T]he question of whether the found factors are sufficiently substantial and compelling is a matter of law.") We are bound to follow directly controlling authority of the Supreme Court. State v. Gore, 101 Wn.2d 481, 487, 681 P.2d 227 (1984). We cannot accept Martinez's invitation to disregard this authority.[2]

Martinez also argues that the trial court failed to enter sufficient findings of fact and conclusions of law detailing its reasons for imposing an exceptional sentence. He complains that the court's findings of fact listed only the aggravating factor admitted by Martinez in his guilty plea and were "silent as to any additional factual considerations." However, the underlying factual bases for an aggravating factor must be determined by a jury or admitted by the defendant. Suleiman, 158 Wn.2d at 290. The addition of factual findings beyond the facts admitted by Martinez would run the risk of offending Blakely v. Washington, 542 U.S. 296. See

[2] The State responds that this claim is barred by the doctrine of invited error because Martinez expressly agreed that the facts of his case supported an exceptional sentence in the plea agreement. Because Martinez's argument is directly controverted by controlling precedent, we assume without deciding that this issue is not barred.

State v. Perry, 6 Wn. App. 2d 544, 557, 431 P.3d 543 (2018) (finding that the trial court erred in making findings of fact beyond those made by the jury to support the exceptional sentence). The court did not err in limiting its factual findings to the facts admitted by Martinez in his guilty plea.

Martinez further contends that the written conclusions are deficient because the court did not explain its reasoning for concluding that an exceptional sentence was justified. This claim is also without merit. Martinez argues that the court did not identify the reasons that it found to be substantial and compelling to justify the exceptional sentence, but the reasons are identified in the finding of fact: Martinez committed a domestic violence offense within sight or sound of his minor children.

He argues without citation to authority that "[c]ertainly, the finding of an aggravating factor by itself is not a basis to impose an exceptional sentence." This statement does not appear to be an accurate assessment of the law. The SRA sets out "an exclusive list of factors that can support a sentence above the standard range" if the facts are properly established. RCW 9.94A.535(3). When the relevant facts underlying one of these factors are established, the court is authorized to impose an exceptional sentence. See State v. Duncalf, 177 Wn.2d 289, 296, 300 P.3d 352 (2013) ("[The jury] found this aggravating factor [listed in RCW 9.94A.535(3)(y)] beyond a reasonable doubt. This was the only finding required to authorize the trial court's imposition of the exceptional sentence."); State v. Mutch, 171 Wn.2d 646, 661, 254 P.3d 803 (2011) ("[T]he legislature specifically stated that a high offender score that results in current offenses going unpunished in a reason justifying an exceptional sentence. RCW 9.94A.535(2)(c).

The trial court made a written finding that the defendant's high offender score will result in current offenses going unpunished. This is a written finding of a substantial and compelling factor, justifying an exceptional sentence, in satisfaction of RCW 9.94A.535."). One enumerated factor in the statute is that "[t]he current offense involved domestic violence, as defined in RCW 10.99.020, . . . and . . . [t]he offense occurred within sight or sound of the victim's or the offender's minor children under the age of eighteen years." RCW 9.94A.535(3)(h)(ii).

Here, the facts establishing this factor were admitted by Martinez in his statement set out in the guilty plea and, in the plea agreement, he concurred that they provided a sufficient legal and factual basis. The legislature has determined that this aggravating factor can support an exceptional sentence. Martinez's argument that the findings do not state that the court considered the purposes of the SRA in determining that an exceptional sentence was warranted is also baseless. The court explicitly noted that it found substantial and compelling reasons to impose the exceptional sentence "[i]n consideration of the purpose of the Sentencing Reform Act." The written findings and conclusions were sufficient, and the court did not err in concluding that substantial and compelling reasons existed to impose an exceptional sentence.

II.     Legal Financial Obligations

Martinez also contends that the trial court improperly imposed interest accruing from the date of sentencing on his legal financial obligations. The State

concedes that the provision imposing interest on non-restitution financial obligations should be stricken.

The statute governing interest on judgments states that, "[a]s of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations." RCW 10.82.090(1). We accept the State's concession that the provision was imposed in error and remand to strike the language imposing interest on Martinez's non-restitution legal financial obligations.

III.    Statement of Additional Grounds for Review

In a statement of additional grounds for review, Martinez raises claims of governmental misconduct, ineffective assistance of counsel, and "suppression of discovery" regarding potentially mitigating evidence. When such a pro se statement is submitted, we consider only those issues that adequately inform us of the nature and occurrence of the alleged errors. State v. Calvin, 176 Wn. App. 1, 26, 316 P.3d 496 (2013). Additionally, "issues that involve facts or evidence not in the record are properly raised through a personal restraint petition, not a statement of additional grounds." Id.

Martinez claims that he received ineffective assistance of counsel because his attorney failed to object when the children's temporary guardian and the lead detective addressed the court at sentencing. To sustain a claim of ineffective assistance, a defendant must show that counsel's performance was objectively deficient and resulted in prejudice. State v. Emery, 174 Wn.2d 741, 755, 278 P.3d 653 (2012). By statute, "[t]he court shall . . . allow arguments from the prosecutor, the defense counsel, the offender, the victim, the survivor of the victim, or a

representative of the victim or survivor, and an investigative law enforcement officer as to the sentence to be imposed" at the sentencing hearing. RCW 9.94A.500. Martinez's counsel did not perform deficiently in failing to object to statements permitted by statute.

Martinez also contends that he received ineffective assistance when his attorney presented a different argument at sentencing than the one they had previously discussed and that he was denied a psychiatric evaluation. He argues that the State committed prosecutorial misconduct in its argument and use of evidence at sentencing and that the lead detective failed to conduct a fair and impartial investigation. Finally, he claims that relevant mitigating evidence was not considered. To the extent that we are able to discern the nature of Martinez's additional claims, the issues appear to involve matters outside the record before us. Accordingly, we decline to consider these claims.

Affirmed in part and remanded to strike the interest on non-restitution legal financial obligations.

WE CONCUR: