87 P.3d 1216 (2004)
STATE of Washington, Respondent,
v.
Ivan V. PEREBEYNOS, Appellant.
No. 51592-6-I.
Court of Appeals of Washington, Division 1.
April 19, 2004.
*1217 Dan M. Albertson, Tacoma, WA, for Appellant.
Catherine M. McDonald, Deputy Pros. Attorney, Seattle, WA, for Respondent.

PUBLISHED IN PART
AGID, J.
Ivan Perebeynos appeals his conviction of one count of felony hit and run and one count of negligent driving in the second degree. He asserts there is insufficient evidence that he was "involved in an accident," had the requisite "knowledge" that he was involved in an accident, and committed the negligent driving infraction. He also argues the trial court erred by imposing $5,100 in costs. We hold that evidence of involvement and knowledge is sufficient under these circumstances even if Perebeynos did not cause the accident. The purpose of the hit-and-run statute is to assure that drivers stop and give aid and information. It does not penalize Perebeynos' driving; it penalizes his failure to stop or return to the scene. We therefore affirm his conviction.

FACTS
On July 11, 2001, Ivan Perebeynos was driving his car northbound on Interstate 5 in heavy traffic. Victor Shuparski, Perebeynos' coworker, was coincidentally driving behind him on the highway. He noticed that Perebeynos was traveling at approximately the same speed or slightly faster than the flow of traffic and switching lanes frequently. In the lane to Perebeynos' right, Betty Stacey was driving her car with her granddaughter in the backseat.
*1218 Shuparski said that Perebeynos initiated a lane change near milepost 147. He testified that it appeared as if Stacey was in Perebeynos' "blind spot." Perebeynos' car never left its lane of travel, and upon seeing Stacey's car, Perebeynos immediately corrected his vehicle position back to the center of his lane. In an apparent reaction to Perebeynos' attempted lane change, Stacey suddenly moved her car to the right, hitting a semi-truck traveling in the far right lane. After striking the truck, Stacey hit another vehicle, crossed in front of Perebeynos' car, passed through all five lanes of traffic, and landed upside down on the median near the southbound lanes of Interstate 5.[1]
Perebeynos continued driving toward his workplace. Shuparski testified that he saw him driving "a little bit chaotic[ally]" after the accident, and he saw Perebeynos exit the freeway near their workplace. When he arrived at work, Shuparski saw Perebeynos in the parking lot. Perebeynos appeared shocked, shaky, and his voice quivered. Shuparski told him that he should return to the accident scene and that he thought someone was likely injured. Shuparski did not suggest at that time that he believed Perebeynos caused the accident, nor did Perebeynos suggest that he believed he did. Perebeynos immediately spoke with his work supervisor, telling him that he witnessed a bad accident and wanted to return to the scene. He left work, returning two hours later driving a different car. He told Shuparski that everyone involved in the accident was okay. There is no evidence that Perebeynos actually returned to the scene of the accident.

ANALYSIS

Sufficiency of the Evidence: Felony Hit and Run
RCW 46.52.020(1) provides:
A driver of any vehicle involved in an accident resulting in the injury to or death of any person or involving striking the body of a deceased person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to, and in every event remain at, the scene of such accident until he or she has fulfilled the requirements of subsection (3) of this section; every such stop shall be made without obstructing traffic more than is necessary.[[2]]
To convict a person of felony hit and run, the State must also prove beyond a reasonable doubt that the defendant knew he was involved in an accident.[3]

A. Sufficiency of the Evidence: "Involved in an Accident"
An appellate court reviews a challenge to the sufficiency of the evidence by determining whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]
Perebeynos argues that there is insufficient evidence supporting the trial court's finding that he was "involved in an accident" under RCW 46.52.020. We disagree. The record shows that Perebeynos was driving his car on Interstate 5 in dense traffic, was driving slightly faster than the rest of traffic, and changing lanes frequently. Shuparski testified that when Perebeynos initiated a lane change, although he never left his lane, his movement appeared to trigger Stacey's reaction to "swerve[ ] to the right very rapidly" and hit the semi-truck in the far right lane. Perebeynos aborted the lane change, moving back to the center of his lane in less than "half a second." After hitting the truck, the victim's car crossed in front of Perebeynos' car, traversed the four lanes of traffic, and stopped in a construction zone near southbound traffic. Viewing it in a light most favorable to the State, there is sufficient evidence that Perebeynos was, at *1219 the very least, a participant in the events leading up to the accident.[5]
We reject Perebeynos' argument that he could not have been "involved in an accident" because he made no contact with another vehicle, person, or property. This court rejected that argument in State v. Hughes.[6] Hughes was drag racing when his opponent's car went off the road and crashed. He argued that he was not required to stop and assist because he could not be "involved in the accident" when he did not make contact with his opponent, his car, or other property. After examining the hit-and-run statute, we concluded that to interpret the statute so narrowly would absolve a driver of his duty to stop, identify, and render aid even if he forced another driver off the road or caused an accident between two other cars by passing or turning unsafely.[7] We rejected this result as absurd, holding that a driver can be "involved in an accident" without making express contact with another vehicle, person, or property.[8] We also noted that Hughes' proposed interpretation did not further the rationale underlying the hit-and-run statute, which is to facilitate investigation of accidents, identify those responsible, and provide immediate assistance to those injured.[9] Although the facts in Huges are quite different than those in this case,[10] the statutory construction and policy concerns considered in that case are not different and apply equally here. We accordingly reject Perebeynos' argument and hold that Hughes applies to these facts as well.
We also reject Perebeynos' argument that because he did not violate any rules of the road and never left his lane of travel, he cannot have been "involved in an accident." There is no requirement under the hit-and-run statute or in Washington cases interpreting it that suggests a person must proximately cause a collision or engage in illegal behavior to be "involved in an accident." First, causation is not an element of felony hit and run.[11] The statute merely requires that a defendant be "involved," which "is an imprecise term incorporating such concepts as being part of, contributing to and being a participant."[12] Second, the statute does not require that a defendant be engaging in illegal or reckless behavior at the time of the accident to be bound by the statutory duty to stop. Although the cases in Washington and other jurisdictions with similar statutes have typically involved illegal or reckless behavior,[13] Perebeynos cites no authority supporting his assertion that felony hit and run is limited to such behavior. We rejected limiting the phrase "involved in an accident" *1220 when we held in Hughes that contact was not required. We explained that the term "involved" is imprecise, and the facts in a particular case are essential to determining whether a person is "involved in an accident."[14] A court may consider whether the defendant engaged in reckless or illegal behavior when an accident occurred, but that factor does not determine whether a person was "involved" in the accident. Finally, reading into the statute a requirement that a defendant engage in illegal or reckless conduct as a predicate to imposing a duty to stop would truncate the hit-and-run statute in a way that is contrary to its underlying purpose. That purpose is not only "`to prevent people from avoiding liability for their acts by leaving the scene without identifying themselves,'"[15] but more importantly "`to provide assistance for injured persons as soon as possible.'"[16]

B. Sufficiency of the Evidence: "Knowledge"
A person acts with knowledge when:
(i) he is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or
(ii) he has information which would lead a reasonable man in the same situation to believe that facts exist which are described by a statute defining the offense.[[17]]
Knowledge may be inferred from circumstantial evidence.[18] If information is sufficient to cause a reasonable person in the same situation to believe that a fact exists, the trier of fact may infer that the respondent had knowledge.[19] An appellate court will defer to the trier of fact to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences.[20]
Perebeynos argues that there is insufficient evidence supporting the trial court's finding that he "knew" he was "involved in an accident" under RCW 46.52.020. But there is evidence in the record of Perebeynos' behavior both during and after the accident from which the trial court reasonably inferred that Perebeynos knew he was "involved in an accident." Shuparski described Perebeynos' actions during the accident. He stated,
[H]e was just changing ... lane[s] ... to the right. And then, of course, he saw [Stacey] jumping away from him because they were just about even. And then he swerved back to [the center of] his lane.
It was immediately after Perebeynos aborted the lane change that Stacey, having lost control of the car, skidded in front of Perebeynos' car. A reasonable person in these circumstances would have known that Stacey was reacting to Perebeynos' attempted lane change and that he was "involved in the accident." The defendant's reaction to the events after the accident also indicates he knew he was "involved in an accident." Shuparski testified that Perebeynos was driving "chaotically" from the scene to work. When he spoke with Shuparski at work after the accident, he appeared nervous, shaky, and pale. At Shuparski's urging, he told his shift supervisor that he witnessed an accident and asked permission to leave work. There is no evidence that Perebeynos encouraged Shuparski, who also witnessed the accident, to return to the scene with him. He then returned to work several hours later in a different car, and he told Shuparski that everyone involved in the accident was okay. That was clearly not true. Although Perebeynos' behavior *1221 during and after the accident could indicate that he was simply shaken after witnessing a serious crash, we must view the evidence in the light most favorable to the State.[21] And in this case, that evidence supports an inference that Perebeynos should have known and actually did know that he was "involved" in the accident.
A majority of the panel having concluded that the remainder of this opinion lacks precedential value, it is ordered that only the foregoing will be published. The balance of the opinion shall be filed for public record as provided in RCW 2.06.040.
WE CONCUR: BAKER and COLEMAN, JJ.
NOTES
[1] Stacey was ejected from the vehicle and sustained serious, permanent injuries. Her granddaughter suffered only minor injuries.
[2] (Emphasis added.)
[3] State v. Vela, 100 Wash.2d 636, 639, 673 P.2d 185 (1983).
[4] State v. Green, 94 Wash.2d 216, 222, 616 P.2d 628 (1980).
[5] State v. Hughes, 80 Wash.App. 196, 202, 907 P.2d 336 (1995) (stating that the term "involved" incorporates such concepts "as being a part of, contributing to and being a participant" (citing William C. Burton, Legal Thesaurus, at 298 (2d ed.1992))).
[6] Id. Accord State v. Korovkin, 202 Ariz. 493, 47 P.3d 1131, review denied (Ariz.Ct.App.2002) (driver can be involved in an accident without physical contact between cars in collision and defendant's car); People v. Oliver, 242 Mich.App. 92, 617 N.W.2d 721, 723 (2000) (rejecting a defendant's claim that a car cannot be involved in an accident if it does not physically strike another car); Steen v. State, 640 S.W.2d 912 (Tex.Crim.App.1982) (defendant was involved in an accident despite no physical contact with vehicles in collision).
[7] Hughes, 80 Wash.App. at 200-201, 907 P.2d 336.
[8] Id. at 201, 907 P.2d 336.
[9] Id. at 200, 907 P.2d 336 (citing Vela, 100 Wash.2d at 641, 673 P.2d 185).
[10] In Hughes, it is clear that the defendant was engaged in illegal and reckless activity.
[11] State v. Bourne, 90 Wash.App. 963, 970, 954 P.2d 366 (1998) (hit and run does not require that the defendant cause the injury).
[12] Hughes, 80 Wash.App. at 202, 907 P.2d 336 (citing William C. Burton, Legal Thesaurus 298 (2d ed.1992)).
[13] See generally id. (drag race between two friends); People v. Bammes, 265 Cal.App.2d 626, 71 Cal.Rptr. 415 (1968) (defendant drove directly in the path of other vehicles, causing two other vehicles to collide); Comstock v. State, 82 Md. App. 744, 573 A.2d 117 (1990) (defendant made an illegal lane change); State v. Petersen, 17 Or.App. 478, 522 P.2d 912, reversed in part on other grounds, 270 Or. 166, 526 P.2d 1008 (1974) (defendant was racing with another vehicle at speeds up to 80 m.p.h.); Steen, 640 S.W.2d 912 (defendant intentionally and knowingly made an improper lane change).
[14] Hughes, 80 Wash.App. at 202, 907 P.2d 336.
[15] Bourne, 90 Wash.App. at 970, 954 P.2d 366 (quoting State v. Hartwell, 38 Wash.App. 135, 140, 684 P.2d 778 (1984), overruled on other grounds, 125 Wash.2d 146, 881 P.2d 1040 (1994)).
[16] Id. (quoting Hartwell, 38 Wash.App. at 140, 684 P.2d 778, overruled on other grounds, 125 Wash.2d 146, 881 P.2d 1040 (1994)).
[17] RCW 9A.08.010(1)(b).
[18] State v. Johnson, 119 Wash.2d 167, 174, 829 P.2d 1082 (1992).
[19] Id.; see also State v. Delmarter, 94 Wash.2d 634, 638, 618 P.2d 99 (1980) ("[S]pecific criminal intent of the accused may be inferred from the conduct where it is plainly indicated as a matter of logical probability.").
[20] State v. Hayes, 81 Wash.App. 425, 430, 914 P.2d 788, review denied, 130 Wash.2d 1013, 928 P.2d 413 (1996).
[21] See State v. Kovac, 50 Wash.App. 117, 119, 747 P.2d 484 (1987) (stating that a trier of fact may rely on circumstantial evidence alone, even though it is also consistent with innocence).