# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49913-4-II |
| Respondent, | |
| v. | PART PUBLISHED OPINION |
| TREVEN ALAN PERRY, | |
| Appellant. | |

BJORGEN, J. — Treven Alan Perry challenges the trial court's decision to impose an exceptional sentence for hit and run (injury) based on the severity of the victim's injuries.

Perry argues that the jury's finding on the special verdict form does not justify an exceptional sentence, as the "substantially exceeds" aggravating factor does not apply to a conviction for the crime of hit and run (injury). In addition, Perry claims that neither the jury's finding by special verdict nor the court's findings of fact provide a sufficient basis on which to justify the exceptional sentence.

In his statement of additional grounds (SAG), Perry expresses concerns related to judicial bias. He also argues that the jury's guilty verdict is invalid because, he claims, the to-convict instructions are inconsistent with RCW 46.52.020.

In the published portion of this opinion, we hold that the jury's finding on the special verdict form does justify an exceptional sentence, because the "substantially exceeds" aggravating factor applies to a conviction for the crime of hit and run (injury). We further hold that the jury's finding by special verdict alone provides a sufficient basis on which to justify Perry's exceptional sentence. Nevertheless, we hold the trial court erred when it made findings

of fact in addition to those made by the jury to support the exceptional sentence. In the unpublished portion of this opinion, we hold that Perry's SAG claims fail.

Accordingly, we reverse Perry's sentence and remand for resentencing.

FACTS

A.        Substantive Facts

In March 2016, Ryan Moore and his brother, Trevor Moore,[1] were out for a late night walk. They were walking on the left side of the street with Trevor walking closer to the ditch on the side of the road and Moore walking on Trevor's right next to the shoulder. Trevor heard a vehicle approaching from behind them. He glanced back, noted that the vehicle was traveling in the same direction they were walking, and driving straight "like it should." Verbatim Report of Proceedings (VRP) (Jan. 18, 2017) at 168. He then turned back around to face forward and, without warning, the vehicle collided with Moore from behind, missing Trevor by a foot. The force of the impact threw Moore 6 to 8 feet between two reflective signs. He hit the ground and rolled to a stop on the pavement. Trevor testified that the vehicle kept driving and never stopped or slowed down; he stated he never saw any brake lights.

Perry claims that he was reaching for something he dropped on the floor of his truck when he heard the truck hit something. After he realized his vehicle hit something, he claims he took his foot off the accelerator and sat up. While his vehicle decelerated, Perry said he assessed the damage to his truck and looked back to see what he had hit. He noticed two poles with reflective signs where he believed there had been three and concluded he had hit one of the poles. He claims he did not see Moore or Trevor. Perry then drove home, deciding to report the

―――――――――――――――

[1] We refer to Ryan Moore as Moore, and Trevor Moore as Trevor. We intend no disrespect.

accident in the morning. Perry gave the same information to investigating officers who located his damaged vehicle in his driveway the next morning.

Moore suffered multiple injuries, including a neck fracture, various pelvic fractures, an arm fracture, a leg fracture, pulmonary contusions, acute blood loss anemia, a scalp laceration, and a kidney laceration. He was hospitalized for six days following the accident and underwent multiple surgeries.

B.      Procedural Facts

The State charged Perry with one count of hit and run (injury) under RCW 46.52.020(4)(b). The State later filed an amended information giving notice of its intent to seek an exceptional sentence based on the aggravating fact that Moore's injuries had substantially exceeded the level of bodily harm necessary to satisfy the elements of the offense.

The case proceeded to jury trial. After the close of evidence, the State proposed jury instructions on the definition of "bodily harm" and how to decide whether the "substantially exceeded" aggravating factor existed, as well as a special interrogatory addressing the aggravating factor. Defense counsel objected to the proposed instructions related to bodily harm and the aggravating factor, as well as the special interrogatory, arguing that the aggravating factor did not apply because bodily harm was not an element of the charged offense. Over defense counsel's objection, the trial court instructed the jury, in pertinent part, as follows:

INSTRUCTION NO. 8

Bodily harm means physical pain or injury, illness, or an impairment of physical condition.

3

INSTRUCTION NO. 9

In deciding whether the victim's injuries substantially exceeded the level of bodily harm necessary to constitute bodily harm, you should compare the injuries suffered by the victim to the minimum injury that would satisfy the definition of bodily harm set out in instruction 8.

Clerk's Papers (CP) at 38-39. The special verdict form related to these instructions asked the jury the following question: "Did the victim's injuries substantially exceed the level of bodily harm necessary to constitute bodily harm, as defined in Instruction 8." CP at 44.

The jury found Perry guilty of the crime of hit and run (injury). The jury also found that Moore's injuries substantially exceeded the level of bodily harm necessary to constitute bodily harm as defined by the instructions. The sentencing court imposed a 36-month exceptional sentence and entered the following findings of fact and conclusions of law in support of its decision:

FINDINGS OF FACT

1.      On January 19, 2017, the jury found the defendant, Mr. Perry, guilty of Hit and Run Injury Accident.

2.      The jury found, unanimously and beyond a reasonable doubt, and by special interrogatory that the injuries in this case substantially exceeded the level necessary to prove the element of injury in the crime of Hit and Run Injury.

3.      The victim in this case, Ryan Moore, may very likely have died had his brother not been walking along the road with him, which is a substantial and compelling reason to impose an exceptional sentence.

4.      The Court takes Mr. Perry's criminal history into consideration in finding there is a substantial and compelling reason to impose an exceptional sentence.

5.      The failure to stop and render aid in this case does not have any excuse in the view of the jury and in the view of this Court, which is a substantial and compelling reason to impose an exceptional sentence.

4

6.     The unwillingness to stop and see if anybody had in fact been hurt gives rise to two very unflattering implications: it shows extreme recklessness or carelessness and the other shows a level of consciousness of guilt and fleeing to avoid other potential different or magnifying legal problems. These are substantial and compelling reasons to impose an exceptional sentence.

CONCLUSIONS OF LAW

On the basis of the foregoing findings of Fact and the record and file herein, the Court makes the following conclusions of law:

1.     There are substantial and compelling reasons justifying an exceptional sentence above Mr. Perry's standard range of six to twelve months.

2.     Under the circumstances in this case, a thirty-six month sentence is appropriate.

ORDER

Pursuant to RCW 9.94A.537, an exceptional sentence in this case is appropriate.

CP at 67-69.

Perry appeals.

ANALYSIS

I. EXCEPTIONAL SENTENCE

Perry argues that the jury's finding on the special verdict form does not justify an exceptional sentence, because the "substantially exceeds" aggravating factor does not apply to a conviction for hit and run (injury). We disagree.

A.     Standard of Review

An exceptional sentence is subject to review as set forth in RCW 9.94A.585(4), which states:

> To reverse a sentence which is outside the standard sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

Our Supreme Court has stated that subsection (a) of this statute includes both a legal and a factual component. *State v. Stubbs*, 170 Wn.2d 117, 123, 240 P.3d 143 (2010). We review the legal component of a sentence de novo. *Id*. at 124. Turning to the factual component, in order to justify an exceptional sentence, a jury must first find any facts supporting aggravating circumstances beyond a reasonable doubt and by special interrogatory. *Id*. at 123. We review a jury's finding by special interrogatory under the sufficiency of the evidence standard used for reviewing convictions. *Id*.

We review a challenge to the sufficiency of the evidence de novo. *State v. Berg*, 181 Wn.2d 857, 867, 337 P.3d 310 (2014). The test for determining whether sufficient evidence supports a conviction is whether, after viewing the evidence in the light most favorable to the State, any rational fact finder could have found the essential elements of the crime charged beyond a reasonable doubt. *Id*. In making a sufficiency challenge, "the defendant necessarily admits the truth of the State's evidence and all reasonable inferences that can be drawn from it." *State v. Drum*, 168 Wn.2d 23, 35, 225 P.3d 237 (2010). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

B.    "Substantially Exceeds" Aggravating Factor Applies to Hit and Run (Injury)

Perry argues that the hit and run statute does not include a level of "bodily harm" as an element of the offense and, by its terms, the "substantially exceeds" aggravating factor applies only when a "level of bodily harm" is necessary to satisfy the elements of the charged offense. Br. of Appellant at 9-10. The State argues that "bodily harm" and "injury" are interchangeable terms such that the "substantially exceeds" aggravating factor applies to the crime of hit and run (injury). Br. of Resp't at 12-20. For the following reasons, we agree with the State.

The State charged Perry under RCW 46.52.020(4)(b), which provides as follows: "Any driver covered by the provisions of subsection (1)[2] of this section failing to stop or comply with any of the requirements of subsection (3)[3] of this section in the case of an accident resulting in

---

[2] Subsection (1) provides, in part:
A driver of any vehicle involved in an accident resulting in the injury to or death of any person or involving striking the body of a deceased person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to, and in every event remain at, the scene of such accident until he or she has fulfilled the requirements of subsection (3) of this section.

[3] Subsection (3) provides, in part:
[T]he driver of any vehicle involved in an accident resulting in injury to or death of any person, or involving striking the body of a deceased person, or resulting in damage to any vehicle which is driven or attended by any person or damage to other property shall give his or her name, address, insurance company, insurance policy number, and vehicle license number and shall exhibit his or her vehicle driver's license to any person struck or injured or the driver or any occupant of, or any person attending, any such vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying or the making of arrangements for the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person or on his or her behalf.

injury is guilty of a class C felony and, upon conviction, is punishable according to chapter 9A.20 RCW."

A trial court can impose an exceptional sentence if "[t]he victim's injuries substantially exceed the level of bodily harm necessary to satisfy the elements of the offense." Former RCW 9.94A.535(3)(y) (2013).

Because this issue is, in part, a question of statutory interpretation, we begin by looking at the plain language of the relevant statutes. *State v. Rich*, 184 Wn.2d 897, 905, 365 P.3d 746 (2016). "In interpreting a statute, our fundamental objective is to ascertain and carry out the legislature's intent." *State v. Gray*, 174 Wn.2d 920, 926, 280 P.3d 1110 (2012). If the plain language of the statute is unambiguous, we enforce the statute according to its plain meaning. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). We also determine the plain meaning of a statutory provision from the general context of the statute, related provisions, and the statutory scheme as a whole. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005).

RCW 46.52.020 generally states, "A driver of any vehicle involved in an accident resulting in the injury to or death of any person," "failing to stop or comply" with various requirements set forth in the statute has committed the crime of hit and run (injury). The legislature did not explicitly prescribe the level of bodily harm required to satisfy the hit and run (injury) statute; instead, the statute states that "an accident resulting in *injury*" is sufficient to satisfy that element of the offense. Former RCW 9.94A.535(3)(y); RCW 46.52.020(1), (4)(b) (emphasis added). Although the hit and run statute does not define the term "injury," the provision Perry was charged with is a class C felony, and the Washington Criminal Code defines

"bodily injury" "physical injury" and "bodily harm" as "physical pain or injury, illness, or an impairment of physical condition." RCW 9A.04.110(4)(a).

Because the applicable hit and run statute contemplates an "accident resulting in the *injury to or death* of any person," the general context of the statute strongly suggests the legislature intended the term "injury" to include "bodily injury," "physical injury," and "bodily harm." RCW 46.52.020; RCW 9A.04.110(4)(a). Thus, we hold the plain language of the term "injury" as used in RCW 46.52.020(4) is unambiguous: It interchangeably means "[b]odily injury," "physical injury," or "bodily harm" as defined by RCW 9A.04.110(4)(a).

In sum, RCW 46.52.020(4) requires "injury to or death of any person." The term "injury" interchangeably means "[b]odily injury," "physical injury," or "bodily harm" as defined by RCW 9A.04.110(4)(a). The aggravating factor requires a level of bodily harm that "substantially exceeds" that necessary to satisfy the crime of hit and run (injury). Former RCW 9.94A.535(3)(y); RCW 46.52.020. Therefore, we hold the aggravator by its terms applies to hit and run (injury). Because the trial court provided these definitions to the jury in instruction numbers 8 and 9, we hold the trial court did not err when it provided the jury with the special interrogatory.

C.      Exceptional Sentence Justified

Perry next claims that the jury's finding by special verdict alone provides an insufficient basis on which to justify his exceptional sentence. We disagree.

A trial court may impose a sentence outside the standard sentence range for an offense if it finds that there are substantial and compelling reasons justifying an exceptional sentence. Former RCW 9.94A.535. One substantial and compelling reason justifying the imposition of an

exceptional sentence is a situation where "[t]he victim's injuries substantially exceed the level of bodily harm necessary to satisfy the elements of the offense." Former RCW 9.94A.535(3)(y).

Our legislature has defined various levels of "bodily harm" as follows:

"Bodily injury," "physical injury," or "bodily harm" means physical pain or injury, illness, or an impairment of physical condition;

"Substantial bodily harm" means bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part;

"Great bodily harm" means bodily injury which creates a probability of death, or which causes significant serious permanent disfigurement, or which causes a significant permanent loss or impairment of the function of any bodily part or organ.

RCW 9A.04.110(4)(a)-(c). If the jury finds, unanimously and beyond a reasonable doubt, one or more of the facts alleged by the State in support of an aggravated sentence, the trial court may sentence the offender pursuant to former RCW 9.94A.535 to a term of confinement up to the maximum allowed under RCW 9A.20.021 for the underlying conviction if it finds that the facts found are substantial and compelling reasons justifying an exceptional sentence. RCW 9.94A.537(6).

Former RCW 9.94A.535(3)(y) requires comparison of the victim's injuries to the minimum injury necessary to satisfy the offense. *State v. Pappas*, 176 Wn.2d 188, 192, 289 P.3d 634 (2012). In *Stubbs*, our Supreme Court stated that the notion of "substantially exceeds" in RCW 9.94A.535(3)(y) "is best understood as the jump from 'bodily harm' to 'substantial bodily harm,' or from 'substantial bodily harm' to 'great bodily harm.'" 170 Wn.2d at 130. However, in *Pappas*, our Supreme Court qualified that statement as providing only an example, and opined, "While the jump between statutory categories of harm necessarily meets the

'substantially exceed' test, injuries can 'substantially exceed' one category of harm without reaching the severity of the next category." 176 Wn.2d at 192.

Moore suffered multiple injuries including a neck fracture, various pelvic fractures, an arm fracture, a leg fracture, pulmonary contusions, acute blood loss anemia, a scalp laceration, a kidney laceration, and was hospitalized for six days following the accident and underwent multiple surgeries. These severe injuries substantially exceed the injury level required for the offense.

The trial court submitted the question to the jury by special interrogatory; the jury found Moore's injuries substantially exceeded the level of bodily harm necessary to constitute bodily harm as defined by the instructions. This was the only finding required to authorize the trial court's imposition of the exceptional sentence because the jury's finding in itself provides the trial court with a substantial and compelling reason to impose such a sentence. *State v. Duncalf*, 177 Wn.2d 289, 296, 300 P.3d 352 (2013) (concluding this finding alone satisfied *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)).

We hold that the jury's finding by special verdict alone provides a sufficient basis on which to justify Perry's exceptional sentence in accord with *Duncalf*, 177 Wn.2d at 296.

D.    Trial Court Erred When It Made Additional Findings of Fact

Perry argues the trial court erred when it made findings of fact beyond those made by the jury to support the exceptional sentence. We agree.

RCW 9.94A.537(6) provides:

If the jury finds, unanimously and beyond a reasonable doubt, one or more of the facts alleged by the state in support of an aggravated sentence, the court may sentence the offender pursuant to RCW 9.94A.535 to a term of confinement up to the maximum allowed under RCW 9A.20.021 for the underlying conviction *if it*

11

>*finds*, considering the purposes of this chapter, that *the facts found are substantial and compelling reasons* justifying an exceptional sentence.

(Emphasis added.)  This language restricts the trial court to deciding whether the facts found by the jury are substantial and compelling reasons for an exceptional sentence.

When the trial court made additional findings that Moore may very likely have died had his brother not been walking along the road with him (finding of fact 3), that there was no excuse (finding of fact 5), and that Perry showed extreme recklessness or carelessness and a consciousness of guilt (finding of fact 6), it went beyond deciding whether the facts found by the jury are substantial and compelling reasons.  Further, these additional findings of fact beyond the jury's finding by special verdict violate *Blakely*, 542 U.S. 296.[4]

In *State v. Suleiman*, 158 Wn.2d 280, 290-91, 143 P.3d 795 (2006), our Supreme Court stated:

>In sum, the *Hughes*[5] court concluded that after *Blakely,* the required underlying factual bases for the aggravating factor were factual findings that had to be determined by a jury.  *The trial judge was left only with the legal conclusion* of whether the facts alleged and found were sufficiently substantial and compelling to warrant an exceptional sentence.

(Emphasis added.)  Similarly, in *State v. Sage*,  Division One of our court held:

>The only permissible "finding of fact" by a sentencing judge on an exceptional sentence is to confirm that the jury has entered by special verdict its finding that an aggravating circumstance has been proven beyond a reasonable doubt.  *Then it is up to the judge to make the legal, not factual, determination* whether those

---

[4] *Blakely* applied the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

[5] *State v. Hughes*, 154 Wn.2d 118, 110 P.3d 192 (2005).

> aggravating circumstances are sufficiently substantial and compelling to warrant an exceptional sentence.

1 Wn. App. 2d 685, 709, 407 P.3d 359 (2017), *review denied*, 191 Wn.2d 1007 (2018) (emphasis added) (footnote omitted).

Here, because the trial court made additional findings of fact not made by the jury, and because we cannot determine whether the trial court based its legal conclusion to impose the exceptional sentence solely on the jury's finding by special interrogatory, we are not satisfied that the trial court would have imposed the same sentence based on the jury findings alone. *See State v. Jackson*, 150 Wn.2d 251, 276, 76 P.3d 217 (2003); *see also State v. Nysta*, 168 Wn. App. 30, 54, 275 P.3d 1162 (2012); *State v. Moses*, 193 Wn. App. 341, 365, 372 P.3d 147, *review denied*, 186 Wn.2d 1007 (2016).

Therefore, we reverse Perry's sentence and remand to the trial court to resentence him on the aggravating factor found by the jury consistently with this opinion.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

## II. SAG

A.     Additional Ground 1

In his SAG, Perry appears to claim that the trial court violated the appearance of fairness doctrine when it made additional findings of fact unrelated to its determination of whether the jury's finding by special verdict justified his exceptional sentence. A defendant claiming an appearance of fairness violation has the burden to provide evidence of a judge's actual or potential bias. *State v. Post*, 118 Wn.2d 596, 618-19, 826 P.2d 172 (1992).

No. 49913-4-II

As shown above, the trial court made additional findings of fact that it determined

established substantial and compelling reasons to impose an exceptional sentence. However,

Perry has failed to show how those findings show judicial bias, and the record belies the notion

that the trial court acted with bias when it imposed a 36-month exceptional sentence.

We hold Perry has not met his burden to provide evidence of the trial court's actual or

potential bias. *Post*, 118 Wn.2d at 619. Accordingly, we hold this claim fails.

B.      Additional Ground 2

Perry argues his guilty verdict is invalid because, he claims, the to-convict instructions

are inconsistent with the hit and run (injury) statute. We disagree.

> To convict a defendant of felony hit and run, the State must prove (1) an accident
> resulting in death or injury to a person; (2) "failure of the driver of the vehicle
> involved in the accident to stop his vehicle and return to the scene in order to
> provide his name, address, vehicle license number and driver's license and to render
> reasonable assistance to any person injured . . . in such accident; and (3) the driver's
> knowledge of the accident."

*State v. Sutherland*, 104 Wn. App. 122, 130, 15 P.3d 1051 (2001) (quoting *State v. Bourne*, 90

Wn. App. 963, 969, 954 P.2d 366 (1998)).

> A person knows or acts knowingly or with knowledge when:
>
> (i) he or she is aware of a fact, facts, or circumstances or result described by a statute
> defining an offense; or
> (ii) he or she has information which would lead a reasonable person in the same
> situation to believe that facts exist which facts are described by a statute defining
> an offense.

RCW 9A.08.010(1)(b). Knowledge may be inferred from circumstantial evidence. *State v.*

*Perebeynos*, 121 Wn. App. 189, 196, 87 P.3d 1216 (2004). If information is sufficient to cause a

reasonable person in the same situation to believe that a fact exists, the trier of fact may infer that

14

the respondent had knowledge. *Id*. We defer to the trier of fact to resolve conflicts in testimony,

weigh evidence, and draw reasonable inferences. *Id*.

In this case, the trial court provided the following to-convict instruction to the jury:

> To convict the defendant of hit and run, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about March 20, 2016, the defendant was the driver of a vehicle;
> (2) That the defendant's vehicle was involved in an accident resulting in injury to any person;
> (3) That the defendant knew that he had been involved in an accident;
> (4) That the defendant failed to satisfy his obligation to fulfill all of the following duties:
> (a) Immediately stop the vehicle at the scene of the accident or as close thereto as possible;
> (b) Immediately return to and remain at the scene of the accident until all duties are fulfilled;
> (c) Give his name, address, insurance company, insurance policy number and vehicle license number, and exhibit his driver's license, to any person struck or injured;
> and
> (d) Render to any person injured in the accident reasonable assistance, including the carrying or making of arrangements for the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment is necessary or such carrying is requested by the injured person or on his behalf; and
> (5) That any of these acts occurred in the State of Washington.
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
> On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

CP at 36-37.

The court also instructed the jury on the element of knowledge:

> A person knows or acts knowingly or with knowledge with respect to a fact, circumstance or result when he or she is aware of that fact, circumstance or result. It is not necessary that the person know that the fact, circumstance or result is defined by law as being unlawful or an element of a crime.

> If a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted but not required to find that he or she acted with knowledge of that fact.

CP at 35.

Perry argues that the crime of hit and run (injury) requires knowledge of the injury. The rule, though, is that if a person knows he has been involved in an accident and fails to stop and perform the required duties, he or she is guilty of violating RCW 46.52.020. *Sutherland*, 104 Wn. App. at 130-31. The statute does not require knowledge of an injury; it requires knowledge only of an accident. *See id*. Here, the to-convict instructions properly identified the elements of hit and run (injury) and the knowledge instruction properly identified the elements of the requisite mental state.

Furthermore, at trial, Perry testified that he was reaching for something he dropped when he heard his vehicle hit something. He took his foot off the accelerator and sat up. As the vehicle decelerated, Perry assessed the damage to his truck and looked back to see what he had hit. He noticed two of the reflective signs' poles where he believed there had been three and concluded he had hit the third pole. He claims he did not see Moore or Trevor. Perry drove home, deciding to report the accident in the morning. Perry gave the same information to investigating officers who located his damaged vehicle in his driveway the next morning.

Perry's own testimony confirms that he (1) knew he had been in accident, (2) failed to stop at the scene, and (3) failed to render reasonable assistance to any person injured in the accident. Perry's admission that he knew he had been involved in an accident coupled with the fact Moore suffered significant injuries provides sufficient evidence for a jury to find him guilty of the crime of hit and run (injury). *See Sutherland*, 104 Wn. App. at 130-31.

No. 49913-4-II

With that, we hold that Perry's argument fails. The jury instructions properly identified the elements of hit and run (injury), and the jury's verdict is supported by sufficient evidence.

CONCLUSION

We reverse the sentence and remand to the trial court to resentence Perry on the aggravating factor found by the jury consistently with this opinion.

Bjorgen, J.

We concur:

Lee, A.C.J.

Melnick, J.

17