IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78915-5-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| JAMES MICHAEL JACKSON, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | FILED: March 9, 2020 |

SMITH, J. — James Jackson appeals his conviction for attempting to elude a pursuing police vehicle. He contends that the evidence was insufficient to prove that he knew the vehicle in question was a police vehicle. We disagree and affirm.

## FACTS

In July 2018, the State charged Jackson by amended information with one count of attempting to elude a pursuing police vehicle. At Jackson's trial, Officer Anatoliy Kravchun of the Everett Police Department testified that on the afternoon of June 13, 2017, he was driving his patrol car, a gray, unmarked Ford Crown Victoria. His brother, Oleg Kravchun, also an Everett police officer, was in the front passenger seat. Both officers were wearing their uniforms, which Officer Anatoliy[1] testified have yellow city of Everett police patches on the

---

[1] Because the officers share a common last name, we refer to them by their first names for clarity.

shoulders and vests with "Police" written on the back and front. Officer Anatoliy testified that he and Officer Oleg were driving along West Casino Road and then pulled into the parking lot of an AM/PM store. As they pulled in, they stopped for a man, later identified as Jackson, so that he could walk in front of the patrol car. Officer Oleg later testified that Jackson glanced at him as he walked in front of the car.

Officer Oleg testified that after Jackson passed in front of the patrol car, Officer Anatoliy continued driving and backed the car into a driveway near the AM/PM building. Officer Oleg then saw Jackson begin pumping gas into a Ford Expedition. Officer Oleg testified that the distance between them was about 40 feet and that he was watching Jackson through the passenger side window, i.e., that Jackson was relatively perpendicular to the patrol car. Officer Oleg testified that Jackson was looking at the unmarked patrol car and watching Officer Oleg.

Meanwhile, Officer Oleg ran the license plate of the Expedition and discovered that it had been reported stolen. He and Officer Anatoliy then discussed how to contact Jackson in a way that would keep him from fleeing. Officer Anatoliy testified that because Jackson had finished pumping gas and had gotten into the Expedition, the officers' strategy was to try to box the Expedition in at the gas pump. He testified that he drove toward the Expedition, activated the lights in the front and the back windows of his patrol car, and pulled toward the front of the Expedition. Officer Oleg also testified that the lights on the patrol car were activated, and he testified that he could see them blinking. As Officer Anatoliy pulled toward the Expedition at the gas pump, he could see

2

Jackson in the driver's seat and a woman in the front passenger seat. He began to stop when his bumper was a few inches away from the Expedition.

Officer Anatoliy testified that at that point, Jackson was looking directly at him, and he saw Jackson reach for the Expedition's shifter and move it down slightly. The Expedition then began to back up. Officer Anatoliy testified that he then drove forward, but the Expedition backed up faster than Officer Anatoliy moved forward, thus creating some distance between the two cars. The Expedition eventually stopped. Officer Anatoliy testified that he then saw Jackson's hand on the shifter again and saw it go down "a couple more clicks." He testified that the Expedition then accelerated quickly forward and hit the patrol car, pushing it backward.

Officer Anatoliy testified that Jackson then drove the Expedition past the patrol car, out onto Casino Road. A pursuit followed, but Officer Anatoliy terminated it after approximately three to five miles. He did not have subsequent contact with Jackson that day but arrested him the following month after noticing him walking along a street in Everett.

The jury found Jackson guilty of attempting to elude a pursuing police vehicle.[2] Jackson appeals.

ANALYSIS

Jackson contends that his conviction must be reversed because the evidence was insufficient to support a finding that he knew that Officer Anatoliy's

___

[2] The jury also found Jackson guilty of one count of third degree assault and acquitted Jackson of one count of possession of a stolen vehicle. Those additional charges are not at issue in this appeal.

unmarked patrol car was a police vehicle. We disagree.

To satisfy the Fourteenth Amendment's due process guarantee, the State "bears the burden of proving every element of every crime beyond a reasonable doubt." U.S. CONST. amend. XIV; State v. Chacon, 192 Wn.2d 545, 549, 431 P.3d 477 (2018). When a defendant challenges the sufficiency of the evidence presented to meet this burden, "he or she admits the truth of all of the State's evidence." State v. Cardenas-Flores, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). "In such cases, appellate courts view the evidence in the light most favorable to the State, drawing reasonable inferences in the State's favor." Cardenas-Flores, 189 Wn.2d at 265-66. "Evidence is sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt." Cardenas-Flores, 189 Wn.2d at 265.

To satisfy its burden to prove that Jackson was guilty of attempting to elude a pursuing police vehicle, the State was required to prove, as relevant here, that Jackson knew Officer Anatoliy's vehicle was a police vehicle. See State v. Flora, 160 Wn. App. 549, 555, 249 P.3d 188 (2011) ("[T]here can be no attempt to elude unless there is the prerequisite knowledge that there is a pursuing police vehicle."). Here, the evidence was sufficient to support such a finding.

Specifically, the incident occurred during daylight hours, and both officers testified that they were in uniform. Officer Oleg testified further that Jackson glanced at the patrol car when he walked in front of it, and that he also watched

the officers as he pumped gas into the Expedition. Additionally, Officer Anatoliy testified that he activated the lights in the front and back windows of his patrol car as he approached Jackson, and Officer Oleg testified that he could see the lights blinking. Finally, Officer Anatoliy testified that he pulled up so that his bumper was only a few inches from the Expedition and that Jackson was looking directly at him.

From this evidence, a jury could reasonably infer that Jackson saw the officers' uniforms, that Jackson thus recognized the occupants of the patrol car as police officers, and that the patrol car's lights were activated as it approached Jackson at the gas pump. Accordingly, a jury could also reasonably infer that Jackson knew that the vehicle approaching him at the gas pump was a police vehicle despite its being unmarked. See State v. Perebeynos, 121 Wn. App. 189, 196, 87 P.3d 1216 (2004) (jury may infer a person's knowledge if that person has information that would lead a reasonable person in the same situation to believe that a fact exists), review granted and case dismissed, 153 Wn.2d 1002 (2005). And because Jackson argues only that the evidence was insufficient to prove his knowledge, his sufficiency challenge fails.

Jackson points out that Officer Anatoliy's patrol car was an unmarked car without a light bar on the roof, and that Officer Anatoliy did not use his siren when he attempted to box Jackson in. Jackson also asserts that Officer Anatoliy "admitted he did not know whether the lights were operating"[3] and that "[a]t least

---

[3] In his brief, Jackson attributed this testimony to Officer Oleg, but the cited testimony was from Officer Anatoliy.

one of the independent witnesses testified he could not remember hearing a siren or seeing lights."

But as discussed, the evidence and reasonable inferences therefrom were sufficient for a jury to find that Jackson knew Officer Anatoliy's vehicle was a police vehicle, regardless of whether there was a light bar on the roof or whether Officer Anatoliy used his siren. Additionally, Jackson mischaracterizes both Officer Anatoliy's and the witness's testimony. Specifically, Officer Anatoliy testified, in the context of describing the damage to his patrol car, that he did not know whether the white lights on the front driver's side corner had been working at the time of the incident. This testimony does not negate a reasonable inference, based on Officer Oleg's testimony that he could see the lights in the window of the patrol car blinking, that those lights *were* working. And the witness to whom Jackson refers did not testify that he could not remember seeing lights; rather, he testified that he could not remember *whether* he saw any flashing lights. This testimony does not negate the reasonable inference, based on the officers' testimony, that the lights on Officer Anatoliy's vehicle were activated as they approached Jackson at the gas station.

We affirm.

Smith, J.

WE CONCUR:

Leach, J.

Dwyer, J.

6