IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　Respondent,<br><br>　　　v.<br><br>AMY JOELLE HARLE,<br><br>　　　　　　Appellant. | No. 84507-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Amy Harle appeals her felony hit and run conviction following a bench trial on stipulated facts. She challenges the court's finding of fact that she stopped "just a short distance" from the accident scene as well as the sufficiency of the evidence to support the conviction. Finding no error, we affirm.

FACTS

On August 1, 2020, Trooper Robert McGaha of the Washington State Patrol responded to the scene of a "hit and run injury collision" on State Route 20 just east of Coupeville, Washington. Lieutenant Jeffrey Myers of the Island County Sheriff's Office responded to the same report of "[v]ehicle vs [p]edestrian collision" where "the striking vehicle had failed to stop."

Both McGaha and Myers spoke with Sean Shoffner.[1] Shoffner declined to give a written statement but told McGaha and Myers he was struck from behind, on his left arm, by the mirror of a white truck as he was walking his bicycle southbound on the shoulder of the highway. He told them the truck ran over his bicycle and "destroyed" its rear wheel. He said the truck did not stop and his bicycle was thrown into the ditch. McGaha found a black mirror assembly at the scene and observed a red bicycle in the ditch. Shoffner declined medical aid and several offers to transport him and his bicycle home.

Searching for the truck, Myers went further south down the highway to the Island County Solid Waste facility that he described as "just a short distance away." There, Myers found a white pickup truck that was missing its passenger side rear view mirror and had right front fender damage and a flat right front tire. A worker at the facility told Myers the truck's driver was inside the facility. The driver had told two workers at the facility that she had "hit something" north of the facility on the highway "about [a] ¼ mile" away and that she needed to call for help with her truck's flat tire. One of the workers asked the driver "if she wanted to call the state patrol and she said no." Myers identified the driver as Amy Harle from her driver's license.

---

[1] The court's findings of fact name the victim "Sean Shoffner." The appellant's briefing names him "Sean Shoffner," following the court's findings. The State's brief names him "Gary Shoffner." Though the record shows different variations of the name, we refer to the victim here as Sean Shoffner, as we defer to the finder of fact on evidentiary issues. See State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004). The parties do not suggest the victim's name is material to the issues before us.

Myers took Harle back to her truck. She told him that "she hit something, but she did not know what." McGaha arrived, and Harle similarly told him "she struck something but did not know what she had struck." McGaha asked Harle "why she traveled so far away from the site." She answered that "she didn't mean to and she didn't know what happened." Myers watched as McGaha conducted field sobriety tests. Harle refused McGaha's request for a preliminary breath test. McGaha arrested Harle for driving under the influence (DUI).

The State initially charged Harle with felony hit and run and misdemeanor DUI in August 2020. However, upon a joint motion, the court ordered the case transferred to the Island County Drug Court in July 2021. The State amended its information to charge only felony hit and run.[2] In exchange for participating in the drug court program and the dismissal of the State's charge in two years if she complied with the conditions of the program, Harle stipulated to agreed documentary evidence for a bench trial in the event she did not comply. The agreed documentary evidence included Harle's prior DUI history, the Island County Sheriff's Office incident report, her refusal to submit to a breath test, a waiver of her constitutional rights, her implied consent warning, her field sobriety test results, the State Patrol's report, statements from the two workers at the facility, and the State's toxicology report.

The court denied the State's motion for involuntary termination from drug

---

[2] The misdemeanor DUI was refiled in district court. The only subject of Harle's appeal is her conviction on one count of felony hit and run.

court in August 2022 based on Harle's non-compliance, but it granted a similar motion the next month, on September 8, 2022. The next week, on September 15, 2022, the court held a bench trial with the agreed documentary evidence to which Harle had stipulated.

The court's written findings of fact include that "[t]he striking vehicle failed to stop" and that "Myers reported to the Island County Solid Waste facility located just a short distance from the collision scene to attempt to locate the striking vehicle." The court concluded that Harle was the driver when her truck was involved in an accident resulting in an injury, that Harle knew she had been involved in an accident, and that she "failed to satisfy her obligation" to immediately stop at the scene, to immediately return to and remain at the scene, to give her information and immediately report the accident to the nearest office of the police, and to render reasonable assistance.

The court sentenced Harle to a standard range sentence of 13 months of confinement, found her indigent, and imposed on her the statutory victim penalty assessment (VPA) of $500. She timely appeals. Harle includes a Statement of Additional Grounds (SAG) for her appeal.

DISCUSSION

Harle assigns error to the court's finding of fact number 20 and to the sufficiency of the stipulated evidence to prove that she "did not immediately stop her car at the scene." Brief of App. at 2. She also assigns error to the sufficiency of the State's evidence to prove that she knew she had been in an accident

where she injured someone, and her SAG argues she did not see anyone at the scene and would have stopped if she had known she hit someone. Finally, she assigns error to the court's imposition of the VPA against her.

I.     Sufficiency of the evidence

We review whether evidence is sufficient to sustain a conviction in the light most favorable to the State. State v. Drum, 168 Wn.2d 23, 34, 225 P.3d 237 (2010). We ask " 'whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt.' " State v. Wentz, 149 Wn.2d 342, 347, 68 P.3d 282 (2003) (citing State v. Green, 94 Wn.2d 216, 221, 616 P.2d 628 (1980)).[3] When claiming insufficient evidence, a defendant necessarily admits the truth of the State's evidence and all reasonable inferences that can be drawn from it. Drum, 168 Wn.2d at 35.

In the case of an accident resulting in injury to a person, the hit and run statute requires that "a driver . . . shall immediately stop . . . at the scene . . . or as close thereto as possible but shall then forthwith return to, and in every event remain at, the scene … until [they have] fulfilled the requirements of subsection (3)." RCW 46.52.020(1). The driver of any vehicle involved in an injury-producing accident "shall give [their] name, address, insurance company, insurance policy number, and vehicle license number and [show their] driver's license to any

---

[3] Our Supreme Court in Green adopted the sufficiency of the evidence standard for criminal cases announced by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). 94 Wn.2d at 220-22. Jackson was a habeas corpus proceeding reviewing a conviction of first-degree murder after a bench trial. Jackson, 443 U.S. at 307. Thus, in our review of Harle's bench trial, we apply the Jackson standard for sufficiency of evidence.

person struck or injured." RCW 46.52.020(3). Further, a driver must "render to any person injured . . . reasonable assistance, including . . . the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment is necessary or . . . requested by the injured person." RCW 46.52.020(3).

Thus, the crime of felony hit and run requires the State to prove "(1) an accident resulting in death or injury to a person; (2) 'failure of the driver of the vehicle involved in the accident to stop [their] vehicle and return to the scene in order to provide [their] name, address, vehicle license number and driver's license and to render reasonable assistance to any person injured . . .  in such accident'; and (3) the driver's knowledge of the accident." State v. Sutherland, 104 Wn. App. 122, 130, 15 P.3d 1051 (2001) (quoting State v. Bourne, 90 Wn. App. 963, 969, 954 P.2d 366 (1998)); see also 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 97.02, at 452-53 (5th ed. 2021) (WPIC).[4]

---

[4] As to the second element, the pattern jury instructions state more specifically each separate duty the driver owes under the statute:

> That the defendant failed to satisfy [his] [her] obligation to fulfill all of the following duties:
> (a) Immediately stop the vehicle at the scene of the accident or as close thereto as possible;
> (b) Immediately return to and remain at the scene of the accident until all duties are fulfilled;
> (c) [Give [his] [her] name, address, insurance company, insurance policy number and vehicle license number, and exhibit [his] [her] driver's license, to [any person struck or injured] [or] [the driver or any occupant of, or any person attending, any vehicle collided with];] . . . and

Here, Harle contests both the second and third elements—whether there is sufficient evidence that she failed to satisfy her duties under the statute and whether she had the requisite knowledge.

### A. Driver's Duties

Harle argues that "[t]he court's finding that [she] stopped her car 'just a short distance from the collision scene' . . . is insufficient to prove that [she] did not stop her vehicle 'at the scene . . . or as close thereto as possible.' " Brief of App. at 13 (quoting Clerk's Papers 75 (finding of fact 21) & RCW 46.52.020(1)).[5] The State argues "[t]he stipulated evidence . . . was certainly sufficient for a rational trier of fact to find that Ms. Harle failed to fulfill at least one of her duties." Brief of Resp't at 13. We agree with the State.

First, the evidence shows Harle did not stop her vehicle at the scene or as close thereto as possible. While Lieutenant Myers was responding to the scene, he received "[u]pdated information [ ] that the striking vehicle had failed to stop and was last seen traveling south on SR 20 from the scene" and that the "running vehicle was described as a white truck or van, missing the passenger side rear view mirror." When Myers arrived at the scene at 4:00 p.m., he informed McGaha

---

(d) Render to any person injured in the accident reasonable assistance, including the carrying or making of arrangements for the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment is necessary or such carrying is requested by the injured person or on [his] [her] behalf.

11A WPIC 97.02, at 452-53.

[5] Harle does not faithfully present the court's finding. Finding of fact 21 states, in full, that "Island County Sheriff's Lieutenant Jeffery [sic] Myers reported to the Island County Solid Waste facility located just a short distance from the collision scene to attempt to locate the striking vehicle."

that he would "check the Island County Solid Waste facility (waste facility) located just a short distance away for the suspect vehicle." When Myers arrived at the facility, he observed a "white pickup truck matching the description of the running vehicle parked next to the outbound lanes," and noted "the truck was missing the passenger side rear view mirror, appeared to have RF [right front] fender damage, and … a flat RF tire."

An employee of the waste facility told Myers that the owner of the truck was inside the waste facility building. When Myers asked Harle about what had occurred, she said "she was driving down the highway and it had gotten dark and she hit something, but she did not know what." Myers spoke with two employees of the waste facility, who reported that Harle had been at the waste facility for about 20 minutes prior to Myers's arrival. McGaha's report states Harle's truck "was located approximately a half mile from the collision site." Before conducting field sobriety tests, McGaha asked Harle "why she traveled so far away from the site." Harle responded that "she didn't mean to and she didn't know what happened." From these facts in the record, we determine that any rational trier of fact could find that Harle did not stop her vehicle at the scene or as close thereto as possible.

Further, Harle failed to return to the scene "forthwith" in order to provide her name, address, vehicle license number and driver's license and to render reasonable assistance to any person injured in the accident. Shoffner called 911 at approximately 3:50 p.m. The two waste facility employees told Myers that

Harle used their phone to call AAA for a tow but had not asked the employees to call law enforcement. One employee reported that when she "heard the EMS response to the area," the employee "thought that Harle might be involved in whatever the incident was and [the employee] called [911] on her own." The stipulated record shows that Harle never returned to the scene, did not give Shoffner her pertinent information, and did not render reasonable assistance.

We conclude any rational fact finder could have found that the evidence proves beyond a reasonable doubt that Harle did not fulfill her statutory duties to remain at or return forthwith to the scene to give her pertinent information to Shoffner and offer him assistance.

      B. <u>Mens Rea</u>

Next, Harle argues that the evidence is insufficient to prove she "knew she was in an accident that injured someone." Brief of App. at 24. She argues that convicting her of felony hit and run without "sufficient evidence that [she] knew she hit a person and caused injury" violates her right to due process because <u>State v. Vela</u> eliminated the requirement that a defendant know that they caused someone injury by hitting them and thereby "criminalized innocent, passive conduct." 100 Wn.2d 636, 673 P.2d 185 (1983). Further, she argues that <u>Vela</u> does not control because it did not consider the due process argument she makes. The State argues <u>Vela</u> is binding on this court and the stipulated evidence is sufficient for a reasonable trier of fact to find that a reasonable

person in Harle's situation would have known she had been in an accident. We agree with the State.

The hit and run statute imposes upon "[a] driver of any vehicle *involved in an accident* resulting in the injury to or death of any person" a duty to "immediately stop such vehicle at the scene of such accident or as close thereto as possible" and to "forthwith return to, and in every event remain at, the scene of such accident until he or she has fulfilled the requirements of subsection (3) of this section." RCW 46.52.020(1), quoted in State v. Perebeynos, 121 Wn. App. 189, 192, 87 P.3d 1216 (2004) (emphasis added).

In Vela, the sole issue before our Supreme Court was whether "in a prosecution for felony hit and run, the State must prove the defendant had knowledge that someone was injured." 100 Wn.2d 636-37. The defendant's argument was that, "especially when coupled with the 1980 amendment making it a more serious crime to leave the scene of an injury accident, . . . knowledge of injury is an element of felony hit and run." Id. at 639-40. The court declined Vela's argument that it should adopt California's Holford rule,[6] because adopting that rule would render Washington's hit and run statute "internally inconsistent" and "practically destroy [its] purpose." Id. Instead, the court relied on its own precedent: "a driver is subject to a felony conviction if [they] leave[ ] the scene of

---

[6] People v. Holford, 63 Cal. 2d 74, 80, 403 P.2d 423, 45 Cal. Rptr. 167 (1965). Under Section 20001 of the California Vehicle Code, criminal liability attaches to a driver who knowingly leaves the scene of an accident "if he actually knew of the injury or if he knew that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person." Id.

10

an injury accident when [they have] knowledge of the accident." Id. (citing State v. Martin, 73 Wn.2d 616, 625, 440 P.2d 429 (1968)). The Vela court's holding is unequivocal: "Knowledge of the accident is all the knowledge that the law requires." Id. at 641. Vela thus binds this court. State v. Gore, 101 Wn.2d 481, 487, 681 P.2d 227 (1984) ("[O]nce [the Washington Supreme] court has decided an issue of state law, that interpretation is binding on all lower courts until it is overruled by this court.").

Here, Harle nonetheless argues that because an accident encompasses both intentional and unintentional conduct, the hit and run statute criminalizes innocent conduct and therefore violates due process. The cases Harle cites, State v. Silva, 106 Wn. App. 586, 590-95, 24 P.3d 477 (2001), and Perebeynos, address what conduct constitutes an "accident."

In Silva, the defendant argued that no "accident" occurred because he chose, intentionally, to speed away from a traffic stop and the officer clinging to the side of his car chose, intentionally, to let go of the car's steering wheel before the defendant crushed the officer against another car. 106 Wn. App. at 589-90. We reasoned the real question was the meaning of the word "accident" in the hit and run statute, id. at 591, and we held that it includes incidents arising from intentional conduct on the part of the driver or victim, id. at 595.

In Perebeynos, the defendant was driving slightly faster than the heavy traffic on Interstate 5 and changing lanes frequently. 121 Wn. App. at 191. As a result, a car in his blind spot swerved, hit a semi-truck, and ended up upside

11

down in the freeway's median, and the defendant did not stop. Id. The defendant argued that there was insufficient evidence that he was involved in an accident because while he was going to change lanes, he did not, and his car never came into contact with the other car. Id. at 193. This court held that a driver can be involved in an accident without making express contact with another vehicle, person, or property. Id. at 194 (citing State v. Hughes, 80 Wn. App. 196, 201, 907 P.2d 336 (1995) (drag racing car that left the scene still involved in the other drag racing car's fatal accident despite the absence of any physical contact between the two cars)).

Neither Silva nor Perebeynos suggests that the crime of felony hit and run does not require knowledge that an accident occurred. The statute's purpose is to prevent people from leaving the scene of an accident without identifying themselves or providing any assistance. Perebeynos, 121 Wn. App. at 195 (citing Bourne, 90 Wn. App. at 970) (other citations omitted). And, as noted above, "[k]nowledge of the accident is all the knowledge that the law requires." Vela, 100 Wn.2d at 641.

Harle argues in her SAG that after she "ran over something . . . I did not see anything in my rear view mirror, nor did I see anyone besides the road." And she argues that "[i]f I had known I had hit someone I would have stopped." Id. These arguments are unavailing because they do not disclaim that she knew she was involved in an accident, which is all the knowledge the statute requires.

12

We agree with the State that Vela binds this court and that any rational fact finder could believe the stipulated evidence proves, beyond a reasonable doubt, that Harle knew she had been involved in an accident. Therefore, the agreed documentary evidence is sufficient to support Harle's conviction.

II.     VPA

Harle argues she was indigent when sentenced so the court should not have imposed the VPA on her because of a recent amendment to the relevant statute. Under RCW 7.68.035(4), which became effective in July 2023, trial courts are required to waive the VPA if a defendant is indigent as defined in RCW 10.01.160(3). This court has applied this waiver to cases pending direct appeal when the law went into effect. See State v. Ellis, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023) (citing State v. Ramirez, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018)).

The court found Harle indigent when it sentenced her, and she appealed her conviction in September 2022. The State agrees that remand to strike each VPA is required, and we accept the State's concession.

We remand for the trial court to strike the VPA. Otherwise, we affirm.

_Chung, J._

WE CONCUR: